# King *v.* The State.

### *Assault with Intent to Ravish.*

1. *Indictment for an assault with intent to ravish; when not demurrable.* An indictment which charges that the defendant "did assault * * a girl under the age of ten years, with the intent forcibly to ravish her, against the peace," &.,c sufficiently charges an assault with intent to ravish, as defined by the statute (Cr Code of 1896, § 4346), and such an indictment is not demurrable.

2. *Trial and its incidents; charge to the jury.*—In a criminal case, where the bill of exceptions does not contain the general oral charge as given by the court, the appellate court can not revise the trial court's action in not giving charges at the request of one of the parties that have reference to certain portions of the court's general charge and are in explanation thereof.

3. *Same; court may explain written charges given.*—The court may, in charges given at the request of one of the parties in a criminal case, state the meaning of, or explain written charges already given at the request of the other party.

4. *Charge to the jury; sufficiency of evidence.*—In a criminal case, a charge which instructs the jury that "unless the evidence against the defendant should be such as to exclude to a moral certainty, every hypothesis but that of the guilt of the offense imputed to him, they must find the defendant not guilty," exacts too high a degree of proof, and is properly refused; since it

[King v. The State.]

is every *reasonable* hypothesis but that of guilt which the evidence must exclude to justify a conviction.

5. *Same; properly refused when undue prominence given to particular testimony* —In a criminal case, a charge which singles out the testimony of a certain witness, or a particular statement of a witness, and instructs the jury that they should consider it in favor of the defendant, is erroneous and properly refused, in that it gives undue prominence and importance to the testimony so referred to.

6. *Same; duty of jury as to irreconcilable testimony ; when bill of exceptions fails to set out all the evidence.*—When the bill of exceptions in a criminal case states that there was other testimony than that contained therein, "which is not deemed necessary to set out in full," the refusal of the court to instruct the jury at the request of the defendant that if they "can reconcile the testimony consistent with the innocence of the defendant, it is their duty to do so, and acquit the defendant," is not a reversible error ; since on such state of the record the appellate court will presume, in support of the refusal of said instruction, that the evidence not set out in the bill of exceptions was of a character palpably irreconcilable with any theory of defendant's innocence.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

The appellant was tried and convicted under the following indictment : "The grand jury of said county charge that before the finding of this indictment that Joe King did assault Minnie Douglass, a girl under the age of ten years, with the intent forcibly to ravish her, against the peace and dignity of the State of Alabama." The defendant demurred to the indictment upon the ground that the charge contained therein was unwarranted by statute or statutory form, and was insufficient as a statutory or common law indictment. This demurrer was overruled, and the defendant duly excepted.

The State introduced the girl alleged to have been assaulted, who testified to the facts of the assault, but on cross-examination further testified that she did not know who it was who assaulted her. Defendant's counsel pointed out the defendant, and asked the witness "If he was the man?" She looked at the defendant, and answered no. There was other evidence introduced by the State showing that the assault complained of had been

committed. There was also testimony offered by the
State for the purpose of identifying the defendant as the
person who committed the alleged assault; and there
was testimony offered by the defendant, including his
own testimony, to the effect that he did not commit the
alleged assault. The recital of the bill of exceptions, as
to its not containing all the evidence, is copied in the
opinion. The bill of exceptions contains the following
recital: "The court in the general charge, among other
things, defined to the jury a reasonable doubt, after
which, the court gave, at the request of the defendant,
the following written charges, which were read by the
defendant's counsel to the jury, as follows:" Then fol-
lows three charges given at request of the defendant.
The court then gave two charges at the request of the
solicitor for the State, which are copied in the opinion,
and to the giving of each of which the defendant sep-
arately excepted.

The defendant requested the court to give to the jury
the following written charges, and separately excepted
to the court's refusal to give each of them as asked:
(1.) "Unless the evidence against the defendant should
be such as to exclude to a moral certainty every hypoth-
esis but that of his guilt of the offense imputed to him,
they must find the defendant not guilty." (5.) "If the
jury can reconcile the testimony consistent with the in-
nocence of the defendant, it is their duty to do so, and
acquit the defendant." (7.) "If the child testified that
the defendant was not the man, while looking at him,
the jury should take that and duly consider it in favor
of the defendant."

R. H. WALKER and T. M. ESPY, for appellant.

CHARLES G. BROWN, Attorney-General, for the State.
The indictment sufficiently charged the commission of
the offense under the Code, and the demurrer thereto
was properly overruled.—*Toulet v. State*, 100 Ala. 72;
*Vasser v. State*, 55 Ala. 264; 1 Wharton's Criminal Law,
(9th ed.), 537.

The charges given at the request of the State were free
from error, even if they could be reviewed on the present
appeal.—*Lewis v. State*, 96 Ala. 9.

The first charge requested by the defendant requires too high a degree of proof and was, therefore, properly refused.—*Bryant v. State*, 116 Ala. 445; *Yarbrough v. State*, 115 Ala. 92; *Rogers v. State*, 117 Ala. 192; *Mitchell v. State*, 114 Ala. 2; *Thornton v. State*, 113 Ala. 44.

The seventh charge gave undue prominence to the testimony referred to therein, and for this reason was properly refused.—*Crawford v. State*, 112 Ala. 1.

McCLELLAN, C. J.—The indictment is in the Code form except in the substitution of the words, "a girl under the age of ten years" for the word "woman" used in the form; and, as has been in substance held by this court, it sufficiently charges an offense under section 4346 of the Code.—*Toulet v. State*, 100 Ala. 72; *Vasser v. State*, 55 Ala. 264.

The bill of exceptions does not set out the charge given by the court of its own motion. We are, therefore, in no position to adjudge that the definition given by the court of a reasonable doubt was not a legal definition of the same, nor that the charges given for defendant were not in harmony with the charge of the court. It follows that we can not revise the court's action in charging the jury at the request of the solicitor, (1) "that the definition given by the court of a reasonable doubt is the legal definition of the same," and (2) "that all the charges given for the defendant are in harmony with the charge of the court, and they are not in conflict with, but only a different way of expressing the law." The charges given for the State at the most were explanatory rather than qualifying in respect of defendant's charges.— *Lewis v. State*, 96 Ala. 9–11.

The first charge refused to defendant requires too high a degree of proof; it is every *reasonable* hypothesis but that of guilt which the evidence must exclude to justify a conviction.

The court is not only under no duty to single out the testimony of one witness, or a particular statement of a witness, and tell the jury that they should consider it in favor of the defendant, but such an instruction has been often affirmatively condemned by this court as giving

[Ellis v. The State.]

undue prominence and importance to the testimony so referred to. Charge 7 asked by the defendant was, therefore, properly refused.

Charge 5 asked by the defendant is not faulty for not postulating a *reasonable* reconciliation of the testimony consistent with innocence, as is insisted. A reconciliation of testimony necessarily implies and involves a reasonable reconciliation. But testimony so conflicting as to preclude satisfactory considerations upon which it may be made to comport with itself or to a stated conclusion can not be reconciled at all. And where the court sees this to be the case charges like this should not be given. The bill of exceptions does not purport to set out all the evidence. To the contrary it is therein stated that "there was other testimony, both for the State and for the defendant, which is not deemed necessary to set out in full." On this state of the record we will presume in support of the refusal of this instruction that the evidence not set out was of a character palpably irreconcilable with any theory of defendant's innocence. Error in this ruling of the court is, therefore, not made to affirmatively appear, and appellant can take nothing by his exception to it.

Affirmed.