# Dorsey v. State.

## Indictment for Robbery.

1. *Robbery; averment of ownership of property; parent and child.*—Where a minor child who is fourteen years of age, works for his father, and the latter agrees to pay him monthly wages for his services, the payment of such wages by the father to the son is in the nature of a gift, and when the gift becomes executed by the payment of the wages to the son, the money becomes the property of the son; and in an indictment charging the robbery of the son, in which the money taken from him was shown to have been the wages paid him by his father, the ownership of the money so taken is properly laid in the son.

2. *Pleading and practice in criminal case; charge of court to jury.*—Under an indictment containing more than one count, where there is a variance between the material allegations contained in one of the counts of the indictment and the evidence adduced on the trial, the defendant is entitled to have the jury instructed that they can not convict him under said count; but where there is a count in an indictment under which on the evidence adduced the jury would have a right to convict the defendant, a charge requested by the defendant is erroneous and properly refused which instructs the jury that they can not find the defendant guilty under the count as to which there was a variance, specifying it.

[Dorsey v. State.]

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. DANIEL A. GREENE.

The appellant in this case, Will Dorsey, was indicted, tried and convicted for robbery, and was sentenced to be hanged. The facts of the case are sufficiently stated in the opinion.

BOWMAN, HARSH & BEDDOW, for appellant, cited *State v. Lawlor*, 32 S. W. Rep. 981; *Commonwealth v. Clifford*, 8 Cush. 215; *State v. Meyers*, 99 Mo. 107, 12 S. W. Rep. 516.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—As it appeared originally in the transcript the first count of the indictment employed the word *felinously* where the word feloniously should have been used, and in the second count the word feloniously was omitted. The copy of the indictment sent up in response to the writ of *certiorari*, however, shows that it employs the word *feloniously* in each count. So that the brief of counsel attacking the indictment as first certified to us has now no pertinency.

The indictment is as follows: "The grand jury of said county charge that before the finding of this indictment, and before the 17th day of February, 1898, Will Dorsey, Sidney Walker, and Jim Kelly feloniously took seven silver dollars and one silver half dollar, of the silver coin of the United States of America, the property of George McNamara, from his person or in his presence against his will, by violence to his person or by putting him in such fear as to unwillingly part with the same. The grand jury of said county further charge that before the finding of this indictment, Will Dorsey, Sidney Walker and Jim Kelly, feloniously took seven silver dollars and one silver half dollar, of the silver coin of the United States of America, the property of Dave McNamara, from the person of George McNamara, or in the presence of said George McNamara, and against his will by violence to his person or by put-

ting him in such fear as to unwillingly part with the same, against the peace and dignity of the State or Alabama."

The evidence showed without conflict that George McNamara was the minor son (14 years of age) of Dave McNamara, that he lived with his father and was supported by the father as a member of the family; that the boy worked for his father, the latter agreeing to pay him $7.50 per month for his services; that the father had just paid the son a month's wage according to this understanding, and that it was this money that was taken from the boy. On this evidence the defendant requested the following charges: "(1). If the jury believe the evidence, they must find the defendant not guilty under the first count of the indictment." "(2). If the jury believe the evidence, they must find the defendant not guilty under the second count of the indictment." "(3). If the jury believe the evidence, they must find the defendant not guilty." "(4). The court charges the jury that if George McNamara was under the age of twenty-one years, that all personal property claimed by said George McNamara was the property of the father, and unless the evidence shows that George McNamara was over the age of twenty-one years, or had been emancipated by his father, or had his disabilities of non-age removed, then in that event the jury cannot convict the defendant under the first count of the indictment." The father being entitled to the services of his unemancipated minor son, the payment of wages by him to the son is, of course, in the nature of a gift; but the executed gift—the purpose to give having been carried out by delivery—by the father to the son vested the property, the money, absolutely in the son for all the purposes of this case, and left no property or possession in or of the money in the father.—*Stovall v. Johnson,* 17 Ala. 14. The case stands upon a different footing from that of provision by the father of clothing and the like for his minor children under the duty the law imposes on him in that connection. Such provision, though a gift in a sense, is made for the father's own purposes,

[Dorsey v. State.]

and for uses it is his duty to conserve and in respect of which he has such interest and control as leaves in him property in the things so provided. • And in these cases on an indictment charging larceny, or other offense requiring the averment of ownership, property may well be laid in the father, and probably also in the child who has the possession and use and right of use.—2 Bish. Cr. Pr. § 721. But on the evidence here the gift was absolute; it was not made in discharge of the father's duty to support and maintain the son; the father had no interest in the uses the son should make of the money and no control in respect thereof; he parted with all his interest in the thing given, and the son acquired the full rights of ownership in and to it. Upon these considerations we are come to the opinion that a conviction could no more be had on the second count of the indictment than had Dave McNamara in whom the property is therein laid not been the father of George McNamara from whom the money was taken. There being this failure to prove the averment of ownership as made in the second count, a variance, indeed, between the allegation and the proof of ownership, the defendant was entitled to have the jury instructed that they could not convict him under this count. But it by no means follows that he was entitled to have them instructed "to find him not guilty under the second count," which was the instruction he in fact requested. In the first place it would seem that the charge asked had a tendency to mislead the jury to the conclusion that because of this second count they should acquit the defendant. But the charge was objectionable aside from that consideration. When there is a count in an indictment under which on the evidence the jury have a right to convict, it cannot be said to be their duty to find him not guilty under any other count; for if they reach the conclusion that the defendant is guilty under a count which is supported by the evidence, they may stop there without considering other counts at all, and, of course, without finding the defendant to be not guilty under another count which the evidence fails to support. And in

[Wood v. Wood.]

such case, which is the case here, while a charge that
the defendant cannot be convicted under the count as to
which the proof has failed should be given upon request,
the court is under no duty, and, indeed, it is not author-
ized to instruct the jury that if they believe the evidence
they should find the defendant not guilty under such
count. Upon these considerations we hold that the
court properly refused charge 1 requested by the de-
fendant. A like ruling has been made upon like con-
siderations in civil cases.—*M & O. R. R. Co. v. George,*
94 Ala. 201; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 585.

The evidence was without conflict, as we have seen,
in proof of ownership in George McNamara as laid in
the first count. It also supported the averments of that
count as to the guilt of the defendant. It follows that
charges 2, 3 and 4 were also properly refused.

Affirmed.