# Bessemer Liquor Co. *v.* Tillman.

*Action for Malicious Prosecution and False Imprisonment.*

1. *Pleading and practice; objections and exceptions to allowance of amendment should be shown by bill of exceptions.*—In order to authorize the Supreme Court to review the rulings of the trial court in allowing amendments to the complaint, the objection to the allowance of the complaint, the rulings of the court thereon, and exceptions thereto should be shown by bill of exceptions.

2. *Charge as to liability under one of several counts of a complaint.* Where a complaint contains several counts, charges requested by the defendant which respectively instruct the jury that if they believe the evidence, they must find a verdict for the defendant under each of the counts, are properly refused, because they are liable to convey the idea that a separate verdict as to each count must be returned by the jury.

3. *General affirmative charge* is properly refused when there is a conflict in the evidence.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action brought by the appellee, Benah II. Tillman, against the Bessemer Liquor Company, a cor-. poration, for false imprisonment and malicious prosecution. The complaint contained three counts. As originally styled, the suit was by the plaintiff against "The Bessemer Liquor Company, a partnership composed of J. Marks and others." The plaintiff, by leave of the court, amended the caption of the complaint by striking out the words which followed "The Bessemer Liquor Company" and inserting in lieu thereof, "A corporation". It is shown by the record entry that the defendant objected to the filing and allowance of this amendment, upon the ground that it was an entire change of parties; and the defendant moved to strike the amendment from the file upon the same ground. The judgment entry recites that the amendment was made over the objection of the defendant, and that the motion of the defendant to strike the amendment was overruled. Neither the ruling of the court upon the amendment or motion, nor any exception to such ruling is shown in the bill of exceptions.

Under the opinion of the present appeal, it is unnecessary to set out the facts of the case in detail.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.). "The court instructs the jury that if they believe the evidence in this case they must find for the defendant on the first count of the complaint." (2.) "The court charges the jury that if they believe the evidence in this case, they must find for the defendant on the second count of the complaint." (3.) "The court instructs the jury that if they believe the evidence in this case, they must find for the defendant on the third count of the complaint." (4.) "The court instructs the jury that if they believe the evidence in this case, they must find for the defendant."

There were verdict and judgment for the plaintiff.

The defendant appeals, and assigns as error the refusal of the court to strike the amended complaint, and the refusal of the court to give the several charges requested by the defendant.

TROTTER & ODELL, for appellant.—The court erred in allowing the amendement.—*Baldridge v. Eason,* 99 Ala. 516; *Taylor v. Taylor,* 43 Ala. 649; *Steed v. McIntyre,* 68 Ala. 407; 17 Amer. & Eng. Encyc. of Law, 619, 622, note; *Tarver v. Smith,* 38 Ala. 185.

PERRY & PERRY, *contra.*

SHARPE, J.—It is not shown by the bill of exceptions that there was any objection made or exception taken to the allowance of any amendment to the complaint; and, therefore, the orders allowing amendments are not reviewable. To show such objection and exception is not the office of the record proper.—*Mock v. Walker,* 42 Ala. 668; *Simmons v. Varnum,* 36 Ala. 92; *Jarman v. McMahan's Admr.,* 37 Ala. 431.

If it be conceded that there was such proof of a plea to the first and second counts of the complaint as disentitled the plaintiff to recover thereon, yet, the jury could not properly have been required to find specially for the defendants on any particular count, nor was the jury, if the defendants were liable under any count, bound to consider whether they were liable under any other.—*Dorsey v. State,* 134 Ala. 553; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 585. The contrary might have been understood from refused charges 1, 2 and 3, respectively, and for this reason, if for no other, they were properly refused. The evidence on which depended the right to recover was in conflict, and was such as to justify the refusal of charge 4.

Affirmed.