# Johnson *v.* The State.

*Assault with Intent to Murder.*

(Decided April 19, 1911.   55 South. 321.)

1. *Indictment and Information; Election.*—Where one count in an indictment charged an attempt to poison one person and the other an attempt to poison another person, and the evidence disclosed one transaction consisting of a solicitation by the defendant of the cook of the household of the two persons to put poison furnished by accused in food prepared for the household, the refusal to require the solicitor to elect the count on which he proposed to prosecute, was proper.

2. *Homicide; Indictment; Issues and Proof.*—Where one count charged an attempt to murder one person by poisoning and the other count an attempt to murder another person by the same means, and the evidence showed an attempt to poison one of the persons, and an abandonment of the attempt as to the other, the defendant could be properly convicted since it is not necessary that each of the counts should be supported by evidence warranting the conviction.

3. *Same; Attempt to Commit Murder by Poison; Proof.*—Where one count of the indictment charged an attempt to murder R. by poisoning, and another count charged an attempt to murder B. by poisoning, and the evidence showed that an accomplice of the defendant put poison in the food of B. who put some of it in his mouth, but did not swallow it because of its bitter taste, and there was other evidence justifying a finding that an attempt on the life of B. was a part of the common design, such evidence justified a conviction of an assault with intent to murder.

4. *Criminal Law; Attempt to Commit Crime; Act Constituting.*—To constitute an attempt to commit crime, the act done with the intent to commit the crime must go beyond mere preparation; there must be an overt act tantamount to a step towards the execution of a criminal purpose.

5. *Charge of Court; Assumption of Facts.*—Charges which assume facts about which there is a dispute or from which adverse inferences may be drawn, are properly refused.

6. *Same; Singling Out Evidence.*—Charges which single out the testimony of a particular witness, or which tend to lead the jury to disassociate the part of the testimony specially called to their attention from the rest of the evidence, are properly refused.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Easter Johnson was convicted of assault with intent to murder, and she appeals.   Affirmed.

[Johnson v. The State.]

The following charges were refused the defendant: (G) "The court charges the jury that, there being two counts in the indictment, one charging an attempt to poison Brooks Robbins, and one charging an attempt to poison Prophet Brooks, that if the jury should believe from the evidence that these attempts were made at different times, that then the jury should acquit the defendant." Charge E was the general affirmative charge.

E. N. JONES, for appellant. The court should have granted the motion to require the solicitor to elect on which count of the indictment he will prosecute.— *Adams v. The State*, 55 Ala. 142; *Buller v. The State*, 91 Ala. 87; *Tanner v. The State*, 92 Ala. 1; *Rollins v. The State*, 98 Ala. 79; *Upsher v. The State*, 100 Ala. 2; *James v. The State*, 104 Ala. 20; *Cunningham v. The State*, 117 Ala. 59. On these authorities, the court should have given the general charge. There were counts in the indictment charging a misdemeanor and a felony, and the verdict was general, hence, the court was without authority to inflict the punishment inflicted.—*State v. Coleman*, 5 Port. 32; *Adams v. The State*, supra. The evidence showed that the purpose to poison Robbins was abandoned and that there was never any purpose or intention to administer poison to Brooks. —*Harrington v. The State*, 36 Ala. 236; *Thompson v. The State*, 25 Ala. 41; *Williams v. The State*, 81 Ala. 1; *Turner v. The State*, 97 Ala. 57. The court should have given charge G.—*Meadows v. The State*, 136 Ala. 67; *Cunningham v. The State*, supra.

ROBERT C. BRICKELL, Attorney General, for the State. There was no occasion for an election.—*State v. Coleman*, 5 Port. 22; *Johnson v. The State*, 29 Ala. 62; *Oli-*

*ver v. The State,* 37 Ala. 134; *Cauley v. The State,* 37 Ala. 152; *Snow v. The State,* 54 Ala. 138; *Adams v. The State,* 55 Ala. 143; *Tanner v. The State,* 92 Ala. 1. On these authorities, the argument as to the generality of the verdict and the infliction of the punishment must fall. The court properly refused the charges requested. —12 Cys. 184.

WALKER, P. J.—The appellant, Easter Johnson, was joined with Charley Johnson and Clara Brooks in an indictment containing three counts. A demurrer to the first count was sustained, and, a severance having been ordered, appellant was put to trial on the second and third counts of the indictment, which, respectively, charged an attempt to poison Brooks Robbins, with the intent to murder him, and an attempt to poison Prophet Brooks, with an intent to murder him.

During the progress of the development of the case by the evidence offered by the state, the defendant moved the court to require the solicitor to elect the count of the indictment upon which he proposed to prosecute. The defendant excepted to the refusal of the court to require the state to make such election. There was no error in this ruling. There was nothing in the evidence indicating an attempt on the part of the state to convict the defendant of two distinct, independent offenses, growing out of different transactions. The testimony offered by the state related to one transaction, namely, the soliciting by the appellant of Clara Brooks, who was the cook for the household which comprised both Brooks Robbins and Prophet Robbins—the one the master and the other a servant—to put poison furnished to her by the appellant in food to be prepared for that household, there being evidence tending to show that appellant's criminal purpose included both Brooks

Robbins and Prophet Robbins. On such evidence the court is not required to put the prosecution to an election.—*Tanner v. The State,* 92 Ala. 1, 9 South. 613; *Upshur v. The State,* 100 Ala. 2, 14 South. 541; *Butler v. State,* 91 Ala. 87, 9 South. 191.

It is sought to impute error to the refusal of the general affirmative charge requested by defendant by the suggestion that the evidence showed that Clara Brooks, by failing or declining to send the poisoned food from the kitchen to the table at which Brooks Robbins took his meal, abandoned the purpose of attempting to poison him, and that, in consequence of such abandonment by the accomplice of the criminal intent as to that person, the appellant could not have been guilty of a higher crime under count 2 of the indictment than a conspiracy to commit a felony, which is a misdemeanor, while, under the third count of the indictment, she was subject to conviction of the felony of attempting to murder Prophet Brooks; and it is suggested that in this condition of the evidence there could be no conviction at all, because, as to one of the two counts of the indictment there was no evidence to sustain a conviction of an offense above the grade of a misdemeanor, while, as to the other count, there was evidence to sustain a conviction of a felony. A fault in the argument, assuming that counsel for appellant is correct in his statement of the tendencies of the evidence, lies in the assumption that under an indictment charging, in different counts, several offenses of the same grade and class, an obstacle to a conviction is presented by what—coining a phrase—may be called a misjoinder of evidence, as when, as to one count, there is evidence of guilt of one grade or class of offense, and also evidence to support a conviction, under another count of the indictment, of another grade of offense. Such an assump-

tion is unwarranted. Where there is no misjoinder of counts, the defendant does not derive any advantage from the fact that, as to one count, the evidence would support no more than a conviction of a misdemeanor, or of no offense at all, while, as to another count, the evidence would support a conviction of the felony in that count of the indictment. In the case at bar, each of the counts of the indictment charging an attempt to murder by poisoning, there is no room for a claim that there was a misjoinder of counts. One of the purposes of the law in permitting such a joinder of counts is to enable the prosecution to meet the different phases in which the evidence may present the same offenses, or the different offenses of the same grade growing out of the one transaction; and it is not necessary that each of the counts be supported by evidence warranting a conviction, or that the evidence supporting two or more counts tends to show guilt of offenses of the same grade. —*Butler v. State,* 91 Ala. 87, 9 South. 191; *Adams v. State,* 55 Ala. 143; *Rollins v. State,* 98 Ala. 79, 13 South. 280.

It is not necessary to decide whether the evidence went far enough to sustain the charge of an attempt to poison Brooks Robbins. To constitute an attempt to commit a crime, the act done with intent to commit the crime must go beyond mere preparation. There must be an overt act, amounting to a step towards the execution of the criminal purpose. Frequently the question arises whether the evidence shows that the criminal design proceeded far enough towards execution to be within the punitive provisions of the law.—*Lewis v. State,* 35 Ala. 380; 12 Cyc. 177. This would be a material inquiry in this case, if the indictment had charged no more than an attempt to poison Brooks Robbins.

[Johnson v. The State.]

But the indictment contained another count, charging an attempt to poison Prophet Brooks. There was evidence to prove that Clara Brooks gave some of the poisoned food to Prophet Brooks for his breakfast, and that he put some of it in his mouth, but did not swallow it, because of its bitter taste. So far as this intended victim was concerned, the attempt on the part of Clara Brooks proceeded beyond any debatable ground. And the evidence as to declarations of the appellant, considered in connection with the evidence as to the conduct of both the appellant and Clara Brooks, was such as to warrant the jury in inferring that an attempt on the life of Prophet Brooks was part of the common design, and to sustain a conviction under that charge in the indictment.

There was no error in the refusal of charge G requested by the defendant. The charge was abstract, in assuming that there was evidence of attempts at different times to poison the two persons named. The evidence was to the effect that the suggestion of the criminal scheme by the appellant to Clara Brooks and the furnishing her with the poison constituted one transaction, and the overt act of Clara Brooks consisted in her putting the poison in the grits which she cooked for the breakfast of the household, none of which, however, was sent to the table at which Brooks Robbins had his breakfast, but some of it was given to Prophet Brooks for his meal.

Nor was there error in the refusal of charge E requested by the defendant. Charges singling out the testimony of a particular witness for the consideration of the jury, or tending to lead them to disassociate the part of the testimony specially called to their attention from the rest of the evidence in the case, often have been condemned.—*King v. State*, 120 Ala. 329, 25 South. 178;

*Grant v. State,* 97 Ala. 35, 11 South. 915; *Crawford v. State,* 112 Ala. 1, 21 South. 214.

There was no error in the record, and the judgment of the court below must be affirmed.

Affirmed.