# Central Foundry Company *v.* Laird.

## *Assault and Battery.*

(Decided November 7, 1914.   66 South. 571.)

1. *Master and Servant; Liability; Assault by Servant; Complaint.* —The complaint alleging that plaintiff was employed in working for defendant as an apprentice and that an employer of defendant having superintendence of plaintiff and his work, and in the exercise of such superintendence, assaulted and beat plaintiff, was sufficient.

2. *Same; Injury to Third Person; Instructions.*—In an action against the master for an assault by the superintendent, charges requiring the finding on certain counts of the complaint for defendant, were properly refused as bad in form, as they had a tendency to mislead the jury to the conclusion that a special finding was required on two of the three counts under which the evidence was taken.

3. *Same.*—Where the evidence tended to support every material averment of a count alleging an assault and battery on plaintiff by one for whose wrongful act defendant was liable, without averring any then relationship in employment between plaintiff and defendant, the defendant was not entitled to the general charge.

4. *Same.*—A charge asserting that if the superintendent of defendant was acting from some personal ill feeling against plaintiff in committing the assault, defendant was not liable, failed to exclude the fact that the superintendent acted within the line and scope of his authority, and was therein faulty.

5. *Same; Scope of Authority.*—The master is liable for the acts of his employee within the line and scope of the authority he confers upon them, although the motives of the employee in acting therein are bad; the master is not liable where the employee steps wholly without his employment and acts entirely upon his own ill will.

[Central Foundry Company v. Laird.]

6. *Corporations; Action Against; Pleading.*—Where the action was against a master for an assault and battery committed by his superintendent, and the amendment already allowed correctly gave the name of the corporation defendant, as set up by its plea, the court properly struck its plea of nul tiel corporation.

7. *Appeal and Error; Bill of Exceptions; Necessity.*—The court will not review on appeal a refusal to quash the service of summons, nor the allowance of an amendment to the complaint to correct the name of the corporation sued unless such matters are presented by bill of exception; a statement in the record proper that an exception was taken or reserved not presenting the matter for review.

8. *Evidence; Motion.*—Evidence as to the motive or purpose of a superintendent in committing an assault and battery upon a co-employee working under him is not admissible in an action against the master for such an assault.

9. *Witnesses; Examination; Discretion.*—Where, on cross-examination plaintiff testified that he was thin and weak and not in good health at the time, the allowance of the further question as to whether anything was the matter with him, and as to what the trouble was, was not an abuse of the discretion of the trial court in the matter of cross-examination.

10. *Charge of Court; Invading Jury's Province.*—A charge asserting that if plaintiff was engaged at the time in work of his own and not for the master, and the difficulty arose between him and the superintendent over such work, then the superintendent was not acting within the line of his authority, and defendant was not liable, was properly refused as invading the province of the jury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by W. F. Laird against the Central Foundry Company, for damages for an assault and battery. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Affirmed.

Count 2 alleges that plaintiff was employed in working for defendant as an apprentice under the duties of his said employment, and that one John C. Acton was also an employer of defendant, and had superintendence of plaintiff and of the work in and about which he was engaged at the said time and place, and then and there, while in the exercise of such superintendence, and while acting within the line and scope of his employment, said Acton committed an assault and battery upon plaintiff. Counts 3 and 4 state the

same cause of action, but in somewhat varying phraseology. The original complaint was against "Central Foundry Company," and the amendment added the word "the" before the words "Central Foundry Company." The plea sets up that there was no such corporation as Central Foundry Company.

The following charges were refused to the defendant:

"(5) I charge you that if you believe from the evidence that there existed no such corporation as Central Foundry Company, then your verdict should be for defendant.

"(6) If you believe from the evidence in this case that in committing this assault on Laird, Acton was acting on account of some personal ill feeling against Laird, then your verdict should be for defendant.

"(7) If you believe from the evidence that at the time of the alleged assault Laird was engaged in work of his own, and not for defendant, and that the difficulty arose between Laird and Acton about such work, then Acton was not acting in the line or scope of his employment as master mechanic of defendant, and defendant would not be liable in this action for this assault."

BEN G. PERRY, and C. G. MIMS, for appellant.

GOODWYN & ROSS, for appellee.

McCLELLAN, J.—This is an action for damages for an assault and battery alleged to have been committed by an employee of the defendant (appellant) while acting within the line and scope of his employment. The evidence was taken under the issues made by counts 2, 3, and 4. All of these counts were manifestly sufficient, not subject to demurrer. The judgment for plaintiff was for $10 damages. Counts 2 and

3 aver that at the time of the wrong complained of the plaintiff, Laird, was then engaged in the performance of his, Laird's, duties to the common master. The testimony of the plaintiff himself, and that of other witnesses introduced by him, affirmatively disprove the just stated averment common to counts 2 and 3. Had the affirmative charges, requested by defendant as against count 2 and 3, been in proper *form,* it would have been error to refuse them.

These charges required the jury to find *for* the defendant on counts 2 and 3; thereby bearing the quality to mislead the jury to the conclusion that a special finding was required on two of the three counts under which the evidence was taken. It has been often ruled here that such special instructions are bad in form, and are due to be refused.—*Bessemer Co. v. Tillman,* 139 Ala. 462, 36 South. 40; *U. S. F. & G. Co. v. Habil,* 138 Ala. 348, 35 South. 344; *Dorsey v. State,* 134 Ala. 553, 33 South. 350.

There was evidence tending to support every material averment of count 4, which alleged an assault and battery upon plaintiff, by one for whose wrongful acts in the premises the defendant was accountable, without averring any then relationship in employment or service between the plaintiff and defendant.—*Jebeles-Colias Confectionery Co. v. Booze,* 181 Ala. 456, 62 South. 12. Of course, the general affirmative charge on the whole case was, under those circumstances, correctly refused to defendant.

Counsel for appellant have argued in brief the assigned error predicated of the court's refusal to sustain defendant's motion to quash the service of the summons. According to familiar practice, such rulings cannot be revised here unless presented by bill of exceptions. The bill in this instance does not contain any

allusion to this matter, nor an exception to the complained of action of the court in the premises. The statement in the record proper that an exception was taken or reserved does not serve the purpose of presenting the matter for review. The like considerations forbid review of the action of the court in allowing the amendment of the complaint so as to perfect the description (name) of the entity sued.—*Bessemer Co. v. Tillman, supra; Central of Ga. R. Co. v. Joseph,* 125 Ala. 313, 28 South. 35; *Sou. Ry. Co. v. Crenshaw,* 136 Ala. 573, 34 South. 913, among others.

The plea nul tiel corporation was properly stricken, for that by amendment already then allowed the name of the corporation (defendant) was correctly given as affirmed by the plea. As appears, *Johnson v. Hanover National Bank,* 88 Ala. 271, 6 South. 909, cited on brief for appellant, is without any bearing in this connection. After amendment of the complaint the defendant was identified as the Central Foundry Company. There was no issue under the pleadings before the jury of which charge numbered 5 could predicate a finding for defendant. It was well refused.

Charge 6, requested by and refused to defendant, was faulty in that it did not exclude in its postulate the fact that Acton was, when he assaulted plaintiff, acting within the line and scope of his authority. The master cannot be absolved from responsibility for the acts of his employee, within the line and scope of the authority he has conferred on the employee, merely because the employee's motive is bad in doing the act within the scope and line of duty. If the employee steps wholly outside of his employment and then does an act inspired alone by his malevolence, the master is not liable for the consequences. Charge 6 was properly refused.

[Central Foundry Company v. Laird.]

Charge 7 was likewise correctly refused, for that it invaded the jury's province. Whether Acton was acting within the line and scope of his employment when the altercation, between him and plaintiff, was brought on and occurred was a question for the jury under the evidence. This charge, if given, would have withdrawn the solution of this feature of the issues from the jury's consideration.

The plaintiff, having testified on cross-examination, that he was "thin and weak," not in good health, at the time of the altercation, defendant's counsel propounded, on the further cross of him, these question, which the court on objection disallowed: "Anything the matter with you?" "You say you were sick, Mr. Laird, can you tell us what you suffered with, what was your trouble?"

It will be noted that the matter of the plaintiff's physical condition at the time of the altercation was introduced before the court by the defendant on cross-examination. The plaintiff had not testified theretofore on that subject. However, the extent to which the cross-examiner should be allowed to go in eliciting matter for the purpose of testing the credibility of the witness or the accuracy of his statements is the subject of a large discretion reposed in the trial court.—*Sou. Ry. Co. v. Brantley*, 132 Ala. 655, 32 South. 300. It cannot be said that the trial court abused this discretion in disallowing the particular questions quoted. So, of its action error cannot be predicated.

If it is assumed that the very general and indefinite assignments of error numbered 16 and 19 (insisted upon in brief), based upon rulings during the examination of the witness Acton, are sufficient to present anything for review, we can see no error in either of the rulings probably referred to. Both of the matters imme-

diately involved the recital by the witness of his motive or purpose; and such testimony was not admissible in this instance.—*Baldwin v. Walker*, 91 Ala 428, 8 South. 364.

No merit appearing in the assignments of error insisted upon in brief for appellant, the judgment must be affirmed.

Affirmed.

SAYRE, DE GRAFFENRIED and GARDNER, JJ., concur. ·