144 So. 538

### ROBERSON v. STATE.
#### 4 Div. 686.

Supreme Court of Alabama.
Nov. 17, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Thomas Seay Lawson, Asst. Atty. Gen., for the State.

Simmons & Simmons, of Opp, and A. R. Powell, of Andalusia, for petitioner.

## PER CURIAM.

The first three counts of the indictment charge an assault with intent to murder, and the remaining ten counts charge that the defendant unlawfully and with malice aforethought did attempt to kill the persons therein named. Section 3303, Code 1923. The Court of Appeals correctly ruled the counts of the indictment not subject to any assignment of demurrer interposed thereto. There is a distinction between an assault with intent to murder and an attempt to commit murder by means not amounting to an assault. See Lewis v. State, 35 Ala. 380; Johnson v. State, 1 Ala. App. 102, 55 So. 321; State v. Taylor, 47 Or. 455, 84 P. 82, 4 L. R. A. (N. S.) 417, 8 Ann. Cas. 627.

These authorities, we think, demonstrate the correctness of the holding of the Court of Appeals as to the sufficiency of the proof not-

ed in the opinion for submission to the jury of the last ten counts of the indictment charging an attempt to commit the crime under the provisions 'of section 3303, supra. The verdict was general, and may well be referred to these counts. Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L. R. A. (N. S.) 412; Owens v. State, 104 Ala. 18, 16 So. 575; Handy v. State, 121 Ala. 14, 25 So. 1023; 16 Corpus Juris § 1106.

But petitioner insists, notwithstanding the foregoing conclusion (Hawes v. State, 216 Ala. 151, 112 So. 761), there was reversible error in refusing the affirmative charge as to counts 1, 2, and 3, charging an assault with intent to murder. These charges, however, called for an acquittal of the defendant as to each of said counts, and were bad in form, justifying their refusal under Dorsey v. State, 134 Ala. 553, 33 So. 350, which has been adhered to in subsequent decisions. Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480; Central Foundry Co. v. Laird, 189 Ala. 584, 66 So. 571.

These charges, therefore, being properly refused for being defective in form, all other ·questions relating thereto and argued by counsel, are here pretermitted as unnecessary to be determined.

Our conclusion to a denial of the writ is, without consideration of other question, rested upon the reasons herein stated.

Let the writ be denied.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

Thos. E. Knight, Jr., Atty. Gen., opposed.