# Smith v. The State.

*Indictment for Grand Larcency.*

1. *Evidence; character of house owner of stolen property lived in inadmissible.*—On a trial under an indictment for larceny, the fact that the woman, with whom the owner of the property alleged to have been stolen boarded, kept a bawdy house, is irrelevant to the issue involved, and evidence thereof is inadmissible.

2. *Same; witness can not be asked if she did not make similar statements on a former trial.*—After a witness has testified on a trial under an indictment, it is not permissible to ask her if she did not make similar statements on the preliminary trial.

3. *Same; acts and declarations of defendant, when admissible.*—On a trial under an indictment for larceny, the acts and declarations of defendant in reference to the property alleged to have been stolen, while holding it in her hands and showing it to others, are admissible in evidence as explanatory of her possession.

4. *Charge of court to jury; recent possession of stolen property.*—On a trial under an indictment for larceny, a charge of the court which instructs the jury "that recent possession of stolen property, unexplain-

ed, is a circumstance tending to show that the possessor was the thief," asserts a correct legal proposition, and is free from error.

5. *Same; duty of person finding property.*—Where, on a trial under an indictment for larceny, the defendant's evidence tends to show that she found the property alleged to have been stolen, a charge of the court, which instructs the jury that, "If she found the property and knew whose property it was, then it was her duty, both legally and morally, to have returned it," asserts a correct proposition of law and is free from error.

6. *Same; emphasizing charges given at request of defendant.*—A charge to the jury which instructs them that they should consider the written charges given at request of defendant, and attach as much importance to them as to any other charges given, is properly refused because it gives undue emphasis to the charges given at defendant's request over the other charges given.

7. *Same; intent of one finding property.*—Where, on a trial under an indictment for larceny, the defendant's evidence tends to show that she found the property alleged to have been stolen, the intent of the defendant, at the time of finding, in taking and keeping the property, is a material question for the jury; and a charge which ignores such intent is properly refused.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

The appellant was indicted, tried and convicted for grand larceny. On the trial of the cause, as is shown by the bill of exceptions, the State introduced as a witness one J. T. Parks, who testified that he was a policeman in the city of Troy, Alabama, in the year 1892, and that as such officer he was sent for by one Mamie Baldwin to come to the house where she was living, and was told that she had lost a gold necklace; that the defendant was in the room at the time the witness was told of this, and he and the said Mamie Baldwin made a careful search about the room for the necklace, but could not find it; that shortly after this search, the house, in which the said Mamie Baldwin was boarding, was destroyed by fire, and she left the city of Troy to go to Texas, and made him her agent to recover the necklace; that about a year after the loss, he was informed that the defendant had said necklace; and that in conversation with her she said that she would go to her house and get it; and upon her failing to do so, he sued out a search warrant, and in execution of said warrant found the necklace in the trunk of the defendant at her house.

The testimony for the defendant tended to show that

she had found the necklace. Molly Bell, a witness for the defendant, testified that before the finding of the indictment, the defendant had a necklace in her hand when at the house of the witness, and that it had sand in the links of the chain, and that the defendant stated to the witness that she had found the said necklace. The State objected to this last statement of the witness, the court sustained the objection, and the defendant duly excepted. Ula Roberts, a witness for the defendant, testified, that she saw the defendant with the necklace at the house of the witness, and when the defendant showed it to her there was sand in the chain, and that the defendant washed the sand off in the water in a tub of the witness where she was washing clothes The defendant asked this witness, Ula Roberts, "If she was not a witness for the State in the preliminary trial, and made the same statements on that trial that she made in the present trial?" The State objected to this question, the court sustained the objection, and the defendant duly excepted. The other objections to the rulings of the court upon the evidence are sufficiently stated in the opinion.

The court in its general charge to the jury instructed them, among other things, as follows: (1.) "Now it is a rule of law, that recent possession of stolen property unexplained is a circumstance tending to show that the possessor was the thief." (2.) "If she found the property and knew whose property it was, then it was her duty both legally and morally to have returned it." (3.) "If you believe that the defendant found this property, then did the defendant know whose property it was?" The defendant separately excepted to each of the above portions of the court's general charge, and also separately excepted to the court's refusal to give each of the following charges requested by her: (1.) "If the jury believe the evidence in this case, then it is their duty to acquit the defendant." (2.) "If the jury believe from the evidence that the defendant found the property alleged to have been stolen, and after finding said property, did not know, nor had the means of finding out, the whereabouts of Mamie Baldwin, the defendant was under no obligation to expect or look up an agent of the said Mamie Baldwin, unless she knew of such agent, for the purpose of returning said property to said Mamie

Baldwin." (4.) "The jury should read and consider the written charges given by the court, at the request of counsel in this case, and attach just as much importance to them, as to any other charge given to the jury by the court in the case." (6.) "If the jury believe from the evidence that the State's witness, Mr. Parks, was the agent of Mamie Baldwin for the purpose of recovering the property alleged to have been stolen, and that the defendant refused to turn said property over to said Parks, when asked to do so by said Parks, it devolves upon the State to show that said Parks made clear proof to the defendant of such agency, or the defendant can not be convicted of larceny on account of such refusal to turn over said property to said Parks." (7.) "If the jury believe from the evidence that Mamie Baldwin lost the property alleged to have been stolen, and that defendant did not take it from the possession of said Mamie Baldwin, but found it after it had been so lost, and that defendant knew that the said Mamie Baldwin was the owner of, or had said property in possession as agent or bailee, and that the defendant did not know the whereabouts of said Mamie Baldwin, and had no means of returning said property to her, then it is the duty of the jury to acquit the defendant."

D. A. Baker, for appellant.

Wm. L. Martin, Attorney-General, for the State.

HARALSON, J.—1. There was no error in the refusal of the court to allow the defendant, on the cross-examination of the witness, Parks, for the State, to ask the question, if Lillie Elbert, the woman with whom the owner of the necklace alleged to have been stolen boarded, did not keep a bawdy house. Such evidence was not admissible for any purpose. Nor was it at all proper for the defendant to ask the witness, Ula Roberts, if she had not made the same statements on the preliminary trial that she was making on this trial.

2. The defendant proposed to prove by Molly Bell that she had seen the defendant at the house of witness, with a necklace in her hand; that it had sand in the links, and that defendant stated, she had found said necklace; that she had it in her hand and showed it to

witness ; and by Ula Roberts, that she saw defendant with a necklace ; that it had sand in it, which defendant washed off in the water in the tub where witness was washing. These declarations of the defendant while in possession of the property, at the time and under the circumstances shown, were admissible as explanatory of her possession.—1 Brick. Dig., 843, § 558 ; *Allen v. The State*, 73 Ala. 23; *Crawford v. The State*, 44 Ala. 45 ; *Henderson v. The State*, 70 Ala. 23. There is nothing in *Henderson's Case*, last cited, when properly understood, in conflict with the ruling in this case.

3. The portions of the general charge of the court, excepted to by the defendant, were free from error.

4. Nor was there any error in refusing to give either of the charges requested by the defendant. The 4th sought to emphasize and call attention to the written charges requested by her, over the other charges given ; the 2d, 6th and 7th ignore the intent of the defendant, at the time of the finding, in taking and keeping the necklace, and the 6th is subject to the further objection, that it does not postulate defendant's refusal to turn over to Parks, as agent, the necklace in her possession, on the ground that he was not the agent of the owner for it's recovery.—*Griggs v. The State*, 58 Ala. 425 ; *Weaver v. The State*, 77 Ala. 26.

For the error in the exclusion of the evidence, as above noted, the judgment of the court below must be reversed.

Reversed and remanded.