# Bryant *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny; sufficiency of indictment; jurisdiction of offense.—* Where an indictment charges the defendant with feloniously taking and carrying away in one county a certain article, the property of a designated person, and bringing it into another county, such indictment, preferred by the grand jury of the latter county, will, under the provisions of the statute (Code of 1886, § 3723; Code of 1896, § 4975), authorize a conviction in the latter county, and is not demurrable.

2. *Same; introduction in evidence of article stolen.—*On a trial under an indictment which charges in separate counts the larceny of a ring, the diamond setting from such ring and the diamonds themselves, where the evidence tended to show that the defendant was, when arrested, found in possession of a ring, which had on it the diamond setting and the diamonds alleged to have been stolen, such ring is admissible in evidence.

3. *Same; evidence of declarations of defendant as to the stolen property admissible.—*On a trial under an indictment for larceny, the declarations of defendant in reference to the property alleged to have been stolen, made while holding it in her hands and showing it to others, are admissible in evidence as explanatory of her possession; and where the stolen article is a ring, and the evidence of the defendant tended to show that it had been loaned to her by a certain named person, who told her that it was his, it is competent for the defendant to prove that after the time the evidence showed the ring was loaned to her, and several weeks before her arrest, that she, while wearing it, told the witness that the ring had been loaned to her by said designated person—such evidence being likewise explanatory of her possession.

[Bryant v. The State.]

4. *Charge to the jury; sufficiency of evidence.*—To warrant a conviction of the defendant in a criminal case, the evidence must exclude to a moral certainty every reasonable hypothesis but that of his guilt, and a charge which so instructs the jury, and further instructs them that "No matter how strong these circumstances are, they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant is innocent," asserts a correct legal proposition and should be given.

5. *Same; good character.*—Proof of good character, in connection with all the other evidence, may generate a reasonable doubt which entitles the defendant to an acquittal, even though without such proof of good character the jury would convict; and a charge which so instructs the jury is free from error and should be given.

6. *Same; legal presumption of innocence.*—The legal presumption of innocence is to be regarded by the jury in criminal cases as matter of evidence, to the benefit of which the accused is entitled, and as matter of evidence attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt; and a charge which so instructs the jury asserts a correct legal proposition and should be given.

7. *Same; right of jury to believe defendant's testimony.*—On a trial of a criminal case, a charge which instructs the jury that "The defendant is authorized under the statute to testify in his own behalf, and the jury have the right to give full credit to his own statements," is properly refused as being argumentative and misleading.

8. *Same; when two conclusions may be drawn from the evidence.*—A charge in a criminal case, which instructs the jury "that if the testimony in this case, in its weight and effect, be such as that two conclusions can be reasonable drawn from it, the one favoring the defendant's innocence and the other tending to establish her guilt, law, justice and humanity alike demand that the jury shall adopt the former and find the accused not guilty," is properly refused as being argumentative.

9. *Larceny; presumption from unexplained possession of recently stolen property.*—On a trial under an indictment for larceny, where the *corpus delicti* is established, the actual, unexplained possession by the defendant of recently stolen goods, is a fact from which the jury may infer the guilt of the defendant.

10. *Same; same; declarations by defendant as explanatory of her possession.*—The declaration by the defendant, when found in possession of recently stolen property, explanatory of such possession, are for the consideration of the jury, together with all the evidence, in determining the question of the guilt or innocence of the defendant, and a charge which instructs the jury that a reasonable explanation of such possession removes the presumption of guilt arising therefrom, is invasive of the province of the jury and is properly refused.

[Bryant v. The State.]

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant, Amanda Bryant, was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Amanda Bryant feloniously took and carried away in the county of Baldwin, in the State of Alabama, a diamond ring of the value of seventy-five dollars, the personal property of Annie Cirlot, and brought said ring into the county of Mobile in the State of Alabama.

"And the said grand jury do further charge that before the finding of this indictment Amanda Bryant felonously took and carried away in the county of Baldwin, in the State of Alabama, one gold ring with a diamond setting, the personal property of Annie Cirlot, of the value of seventy-five dollars, and brought such diamond setting, which was of the value of fifty dollars, into the county of Mobile, in the State of Alabama.

"And the said grand jury do further charge that before the finding of this indictment Amanda Bryant, in the State of Alabama, Baldwin county, feloniously took and carried away a gold ring with diamond setting of the value of seventy-five dollars, the personal property of Annie Cirlot, and brought the diamonds, which were in such setting and which were of the value of thirty-five dollars, into the county of Mobile, State of Alabama, against the peace and dignity of the State of Alabama."

To this indictment and to each count thereof, the defendant demurred upon the following grounds: "1st. Because it is wholly insufficient, and does not charge any offense known to the law. 2d. Because it does not charge the defendant with larceny of any property in Mobile county. 3. Because it simply charges the defendant with having stolen personal property in Baldwin county, and with bringing the same into Mobile county, but not with the larceny of such property in Mobile county. 4th. Because said count is uncertain in this, that it charges the defendant with stealing one gold ring with a diamond setting, and leaves it in doubt whether it was intended to allege that she stole a gold ring, containing a diamond setting, or whether it was intended to charge her with stealing both a gold ring

and a diamond setting. 5th. Because the said court alleges that the defendant stole a gold ring, containing a diamond setting, in Baldwin county, State of Alabama, which, together, constituted one piece of property, and then charges her with bringing a part of said piece of property, towit, the diamond setting, into the county of Mobile, State of Alabama." This demurrer was overruled. The facts of the case are sufficiently stated in the opinion.

Among the charges requested by the defendant and to the refusal to give each of which the defendent separately excepted, were the following : (14.) "The court charges the jury that a person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of her guilt; no matter how strong the circumstances are, they do not come up to the full measure of proof, which the law requires, if they can be reasonably reconciled with the theory, that the defendant is innocent." (16.) "The court charges the jury that good character itself may, in connection with all the evidence, generate a reasonable doubt and entitle the defendant to an acquittal, even though without such proof of good character you would convict." (17.) "The defendant is authorized under the statute to testify in his own behalf, and the jury have a right to give full credit to his own statements." (18.) "Gentlemen of the jury, I charge you that the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt." (19.) "Gentlemen of the jury, I charge you, that if the testimony in this case in its weight and effect be such as that two conclusions can be reasonably drawn from it the one favoring the defendant's innocence, and the other tending to establish her guilt, law, justice and humanity alike demand that the jury shall adopt the former, and find the accused not guilty." (20.) "The court charges the jury that where the presumption of guilt arising from the recent possession of stolen property is rebutted by a reasonable explanation of such possession which is consistent with the innocence of the defendant, such presumption is removed from the

consideration of the jury, and the jury should not allow the evidence of such possession of said property any weight against the defendant in reaching a verdict in the case.''

LESLIE B. SHELDON, for appellant.—1. The indictment in this case is not good, and does not charge the appellant with any offense. The indictment is based on section 3725 of the Code of 1886, which is but an affirmation of the common law. The carrying from one county to another, to be larceny in the latter county, must have been done under such circumstances as would have made the appellant guilty of larceny had the original taking of the property been in the latter county.—*Smith v. State*, 55 Ala. 59; *Crow v. State*, '18 Ala. 545; 1 Bish. Crim. Proceedure, § 59; *Johnson v. State*, 47 Miss. 671.

2. The 16th and 18th charges should have been given. They each asserted correct propositions of law.—*Newsom v. State*, 107 Ala. 133.

WILLIAM C. FITTS, Attorney-General, for the State.— The action of the city court in sustaining the objection interposed by the State to the question put to Benny Robinson, as to where the defendant said she got the ring, was proper and free from error.—*Williams v. State*, 105 Ala. 96; *Oliver v. State*, 17 Ala. 587; *Chamblee v. State*, 78 Ala. 466; *Jordan v. State*, 81 Ala. 20; *Johnson v. State*, 94 Ala. 35.

Charge 16 was properly refused.—*Grant v. State*, 97 Ala. 35; *Goldsmith v. State*, 105 Ala. 9; *Scott v. State*, 105 Ala. 57; *Webb v. State*, 106 Ala. 52; *Johnson v. State*, 105 Ala. 113; *Yarbrough v. State*, 105 Ala. 43.

HARALSON, J.—At common law, larceny is considered as committed in every county or jurisdiction into which the goods may be carried by the thief. "The legal possession of them still remains in the true owner, and every moment's continuance of the trespass and felony amounts to a new caption and asportation."—2 Russsell on Crimes, 283. Consequently, it has been held in this State, that when goods are stolen in one county and carried by the thief into another county, or he causes them to be so carried, and he there exercises dominion over them, this constitutes larceny in the lat-

ter county, and he may be there prosecuted and convicted.—*Whizenant v. The State,* 71 Ala. 383 ; *Kidd v. The State,* 83 Ala. 58.   Section 3723 of the Criminal Code of 1886, which gives jurisdiction in such cases in either county, is an affirmation, and not an enlargement of the common law rule on the subject.—*Smith v. The State,* 55 Ala. 59.

The indictment in this case, following form 51 of the Criminal Code of 1886, charges the larceny as having occurred in Baldwin county.   It was not lacking in any necessary averment of a larceny in that county.   It then charges defendant, with having brought the property stolen into the county of Mobile.   The indictment might have charged the larceny as having been committed in Mobile, omitting all reference to the commission of the crime in Baldwin, and on proof of the facts averred in this indictment, the defendant might have been convicted in Mobile, where, as alleged, she carried the property. There was no error in overruling the demurrer to the indictment.—Rapalje on Larceny, § 124 ; *Jones v. The State,* 53 Ind. 235.

The evidence tended to show that the defendant stole the ring, its diamonds and setting in Baldwin county, as charged, and carried the same into Mobile county ; that defendant was found in possession of a ring in the latter county which was brass, but with a gold setting, from which the central gem had been removed, and a piece of glass been substituted therefor, with five diamonds arranged around it so as to form a cluster, with one of the diamonds in the setting missing ; that the ring stolen had seven gems, a central and larger one than the six others that surrounded it, and that the brass portion of the ring so found in her possession was not the property of Mrs. Cirlot,—the party from whom it was alleged the ring had been stolen,— but that the setting in said ring and the diamonds were her property.   The solicitor, after the evidence for the State had closed, offered in evidence the ring that had been found in possession of defendant in Mobile, and which she delivered up, and it was admitted against a general objection of the defendant.   In this there was no error.   The facts made it evidence of crime, the weight of which was for the jury.—*Thornton v. The State,*

113 Ala. 43; *Watkins v. The State*, 89 Ala. 83; *Young v. The State*, 68 Ala. 569.

The testimony of defendant tended to show that about three weeks before her arrest, one Robert Singleton, who had since died, loaned her the ring which she had on at the time she was arrested; that she did not deny having the ring when arrested, and it was taken from her, but that she turned it over to Mr. Cirlot and told him at the time that it was not her ring, but one that Robert Singleton had loaned her, and she made the same statement to the officers having her in charge when they were taking her to the guard house. The chief of police testified to this statement. The evidence further tended to show that Robert Singleton had loaned defendant the ring one day when he met her on the street; that he told her that it was his wife's ring; that she had known him all her life, and he had never visited her at her house, and had never been to see her in Baldwin county. The defendant proved by Benny Robinson that he had seen defendant about three weeks before her arrest with a ring that looked like the one offered in evidence on the trial, and proposed to prove by said witness what, at the time, the defendant said she was doing with the ring and where she got it,—whose property she said it was, and if she did not say to the witness, that the ring was loaned to her by a man named Robert Singleton. On objections raised by the solicitor, the court refused to allow the witness to answer either of the questions propounded to elicit this evidence. In this the court erred. It is inferable that the ring inquired about, as to which defendant's declarations were made to the witness, was the ring she was found in possession of, and for which she was indicted for stealing; and these declarations, made while in the possession of the property, at the time and under the circumstances shown, were admissible, as explanatory of her possession.—*Smith v. The State*, 103 Ala. 40, and authorities there cited.

The indictment, as will be observed, in its three counts, containing the necessary averments for larceny, charges, (1), that the defendant stole in Baldwin county and carried into Mobile, a diamond ring of the value of $75; (2), that she stole in Baldwin a gold ring with a diamond setting, and brought such diamond setting, of the value of $50, into the county of Mobile; and (3), that she

stole in Baldwin a gold ring with diamond setting, of the value of $75, and brought the diamonds, which were in said setting, of the value of $35 into Mobile county. In other words, the diamond ring, diamond setting from such ring, and the diamonds themselves, which were in, and taken from the setting of such ring, are the subjects of the larceny separately charged in the respective counts. The indictment was properly framed to meet the varying forms the evidence might assume touching the property which, after it was stolen, was brought as alleged into Mobile county; and in its different shapes, the evidence tended to support one or the other or all of these charges. Having due regard to the different counts, each charging a larceny, many of the charges asked appear to be improper, and were rightly refused. These, on account of their great number, will not be separately discussed and passed on, but we confine ourselves to such as appear to be proper to notice.

The 14th charge asked by defendant and refused, asserts a correct legal principle, and should have been given.—*Prater v. The State*, 107 Ala. 27; *Howard v. The State*, 108 Ala. 572, 577; 3 Greenl. Ev., § 29.

The 16th charge requested by defendant is a copy of a charge we approved in *Newsom v. The State*, 107 Ala. 133, 138; *Goldsmith's Case*, 105 Ala. 9.

Charge 18 appears to be free from error.—*Newsom's Case, supra.*

Charge 17 was condemned in *Horn v. The State*, 102 Ala. 145.

Charge 19 is an extract from the opinion of STONE, C. J., in *Johnson v. The State*, 102 Ala. 18, 19, and was a part of an argument employed by the learned judge for the purpose in hand. The charge is subject to the vice of being argumentative.

Charge 20 was properly refused. The unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the *corpus delicti;* and when this has been shown, the actual unexplained possession of the recently stolen goods, is a fact from which the jury may infer the guilt of defendant. The declarations of a defendant when found in possession of the stolen property, explanatory of his possession, are for the consideration of the jury together with all the other evidence in determining the

[Busby v. The State.]

question of his guilt or innocence.—*Orr v. The State*, 107 Ala. 35 ; *Smith v. The State*, 103 Ala. 40 ; *Underwood v. The State*, 72 Ala. 220.

The other refused charges not considered were properly refused.

Reversed and remanded.