## LANIER *v.* THE STATE.

Any statement or declaration made by the accused contemporaneously with
or when first required by the circumstances to account for his possession
of goods alleged to have been recently stolen is admissible. The evidence
repelled in the case, being a part of the res gestæ, explanatory, when
considered in connection with other proved facts and circumstances, of
the defendant's possession of the property alleged to have been stolen,
was admissible for consideration by the jury.

Argued October 17, — Decided November 8, 1906.

Indictment for larceny. Before Judge Arnold. Walton supe-
rior court. August 23, 1906.

*Napier & Cox* and *Foster & Foster,* for plaintiff in error.

*S. J. Tribble, solicitor-general, contra.*

BECK, J. Lanier was tried upon an indictment charging him
with the larceny of a bale of cotton belonging to Wright. The de-
fendant admitted that he got the bale of cotton charged in the in-
dictment, but denied that he stole it, and undertook to show that it
came into his possession fairly and honestly. The jury found the
defendant guilty, and recommended that he be punished as for a
misdemeanor. He made a motion for a new trial, which was over-
ruled, and he excepted.

The only ground of the motion for a new trial which it is
necessary for us to consider is the one complaining that "the court
erred in rejecting evidence offered by movant as follows: on cross
examination of the witness Blasingame, he [defendant's counsel]
asked, 'Didn't you pass along and tell Sam Lanier about Buck
Wright [the prosecutor] having had a bale of cotton stolen?' This
question was objected to by the solicitor-general; whereupon mov-
ant's counsel stated to the court that he expected to prove that on
the morning after said cotton was alleged to have been stolen, and
before anyone was accused of the theft, the witness Blasingame was
passing movant's house, and told him that Buck Wright had a bale
of cotton stolen; and immediately movant replied, 'Buck Wright
has had no cotton stolen. I have the bale of cotton here,' pointing
to three bales of cotton there in his (Sam Lanier's) yard, in a few
feet of the road where anyone passing by could see it. Movant
proposed to make the above proof by the witness Blasingame, and
so stated to the court, and the court ruled that said evidence was
inadmissible and rejected it."

The court erred·in repelling the evidence offered, and in sustain-
ing the objection made by the solicitor-general to the question pro-
pounded to the witness Blasingame.    The statement which the
defendant offered to prove by the witness that he had made on the
morning after the cotton was charged to have been stolen was made
pending his possession, and was explanatory thereof.   "The posses-
sion being continuous, its res gestæ were continuous, and the state-
ment was embraced therein."   *Lovett* v. *State,* 80 *Ga.* 257.   "Any
statement or declaration made by the accused. contemporaneously
with or when first required by the circumstances to account for his
possession of goods recently stolen is admissible."   18 Am. & Eng.
Enc. Law (2d ed.) 492.   "On a trial under an indictment for
larceny, the acts and declarations of the defendant in reference to
the property alleged to have been stolen, while holding it in her
hands and showing it to others, are admissible in evidence as ex-
planatory of her possession."   Smith *v.* State, 103 Ala. 40.

   *Judgment reversed.  All the Justices concur, except Evans, J.,
disqualified.*