# Forrester & Brother *v.* J. A. May Co.

*Trover and Conversion.*

(Decided Dec. 19, 1911.   57 South. 64.)

1. *Witnesses; Cross Examination; Scope.*—In an action for the conversion of property which the defendant claimed was sold him by a witness for the plaintiff and such witness having admitted a conversation with the defendant, but denied the sale, it is competent for the defendant to cross examine him ·as to the details of the conversation.

2. *Same.*—Where the action was for conversion of property which the defendant claimed to have bought from a witness for plaintiff, and the witness denied the sale and testified to a sale to plaintiff, it was not improper for the defendant on cross examination of such witness to propound questions tending to elicit answers showing that plaintiff agreed to pay the witness more for the property than defendant claimed to have contracted as they tended to show a motive for interest on the part of the witness for claiming that no sale had been made to the defendant.

3. *Same.*—It is not improper on cross examination to call for the details of a matter to which a witness had deposed on his direct examination.

4. *Same; Leading Questions.*—Leading questions are improper upon the direct examination of a witness.

5. *Appeal and Error; Harmless Error; Evidence.*—The admission of testimony which had been previously excluded rendered its previous exclusion harmless.

6. *Trial; Evidence; Objection.*—Where the form of the question did not indicate either that it sought to elicit illegal evidence or what response the witness was expected to make, an objection to the question was properly overruled, for if the answer was irrelevant or improper, the evidence could have been objected to or motion made to exclude it.

7. *Trover and Conversion; Evidence.*—Where the defendant claimed that he purchased the goods from the person who afterwards sold them to the plaintiff and that the seller of the goods put him in possession there upon the agreement that defendant would pay the price when they reached a nearby town, it was competent for defendant to show tender of the purchase price at the proper time and place in order to rebut the contention that the seller rescinded for non-payment of price.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Trover and conversion by V. J. Forrester & Brother, for the use of Grimsley Brothers, against the J. A. May Company.   Judgment for defendant and plaintiff appeals.   Affirmed.

B. F. Reid, for appellant.   All rights under a contract are forfeited when the conditions of the contract are broken, or are not waived.—*Riley v. Dillon*, 148 Ala. 283; *Davis v. Millings*, 141 Ala. 380; Benjamin on Sales, 301.   It is insisted on these authorities that the court erred in the charges given and refused and in its rulings on the evidence.

A. E. Pace and W. L. Lee, for appellee.   Assignments of error 1 to 7, are not well taken.—*Stein v. Wadley*, 126 Ala. 616; *Brewer v. Watson*, 65 Ala. 88. Assignments of error 8 to 11 were not well taken.— *Ross v. The State*, 139 Ala. 144; *Parrish v. The State*, 139 Ala. 41.   Assignments of error 12 to 15 were not well taken.—*Falls v. Gaither*, 9 Port. 605; *Spivey v. Morris*, 18 Ala. 254; *Saunders v. Stokes*, 30 Ala. 433; *Rattrey v. Cook*, 50 Ala. 253; *Greene v. Lewis*, 85 Ala. 221; *Franklin v. Gray*, 104 Ala. 236.

WALKER, P. J.—The property alleged to have been converted had belonged to V. J. Forrester & Bro., who made a conditional sale of it to Shinholster Bros.; the contract of sale providing that no title to the property should pass to the purchasers until they had fully performed the terms of the contract.   The claim of the plaintiffs (appellants here) to the property rests upon an alleged sale by Forrester & Bro. of their interest in the property, after the death of a member of the firm of Shinholster Bros., and the failure in business of that firm; while the contention of the appellee is that, before that alleged sale was made, it had already pur-

chased from Forrester & Bro. their interest in the property. The case turns upon the inquiry whether what occurred between W. H. Forrester, a member of the firm of Forrester & Bo., and J. A. May, representing the appellee, on the occasion of an interview between them at Shinholster Bros.' mill, amounted to a sale to the appellee by Forrester & Bro. of their interest in the property. According to the testimony of W. H. Forrester, examined as a witness for the plaintiffs, he offered to sell the property for cash, but when May said that he did not have the money there the witness "then told him it was all off then." On the other hand, the testimony offered by the defendant tended to show that a sale was then consummated, the price being agreed upon and the property delivered, under an agreement that the price would be paid on the return of May to town. Plainly there was no merit in the objections made to questions asked the witness Forrester, on his cross-examination, as to the details of the conversation between him and May, in reference to which the witness had testified.

The questions asked the same witness on his cross-examination, in reference to the plaintiffs paying him more for the property than the defendant claimed to have agreed to pay for it, were not subject to the objections interposed to them, as they had a tendency to disclose a motive or interest on the part of the witness to claim that a sale of the property to the defendant had not been made.

Without regard to the propriety of that ruling, it is apparent that the plaintiffs were not harmed by the action of the court in sustaining an objection to a question to the same witness objecting to the moving of the property when he saw it in the possession of agents of the defendant during the night following the day

of the interview between the witness and May, as the witness afterwards was permitted to detail what was said on the occasion inquired about.

As to the rulings on the objections to two questions asked the plaintiff's witness A. M. Grimsley on his cross-examination, it is enough to say that the first question was not subject to objection, as it merely called for a detail of a matter in reference to which the witness had deposed on his direct examination; and that his answer to the second question negatived the existence of the fact which the defendant, in asking the question, was seeking to elicit.

Under the rule which forbids leading questions on the direct examination of a witness, the assignments of error, based upon the action of the court in sustaining objections of the defendant to questions which the plaintiffs asked their witness A. M. Grimsley when he was recalled, cannot be sustained.

J. A. May, in proceeding to detail what occurred between him and W. H. Forrester at the mill of Shinholster Bros. in reference to the property in question, and immediately following his statement that "something passed between me and Mr. Forrester," was asked the question, "Who came to you about it?" The form of the question did not indicate that it sought to elicit illegal evidence, nor what response the witness was expected to make to it. This being true, the court is not to be put in error for overruling the objection to the question. If the plaintiffs regarded the answer to the question as irrelevant or immaterial evidence, objection should have been made to the answer, and the exception directed against its admission in evidence.—*Tolbert v. State*, 87 Ala. 27, 6 South. 284.

The interview between Forrester and May in regard to the sale of the property in question occurred in the country. The evidence for the defendant was to the

effect that when the terms of sale were agreed on May remarked that he did not have a check or the money with him, but would pay the price on their return to Dothan, to which suggestion Forrester assented, and May thereupon took charge of the property, and had it removed. "If the goods are put into the possession of the buyer on the understanding or agreement that he will pay for them immediately, and he fails or refusees to do so, the seller may recover the goods."—*Shines v. Steiner*, 76 Ala. 548; *Drake v. Scott*, 136 Ala. 621, 33 South. 873, 96 Am. St. Rep. 25. It was proper to admit proof of a tender of the agreed price made in behalf of the defendant, upon the return of May to Dothan, in order to negative the conclusion that the seller, by the failure or refusal of the buyer to make payment as stipulated, acquired any right to recover or reclaim the property.

We discover no error in the rulings of the court in giving or refusing instructions to the jury. The suggestion of the counsel for the appellant that there was error in the written charge given at the instance of the defendant, in that it involved the unwarranted assumption that there was evidence tending to show a purchase by the defendant of the *papers* evidencing the title of Forrester Bros. to the property in question, when the only evidence of a purchase was as to a purchase of the *property*, is not only hypercritical, but is based upon a misconception of the evidence as set out in the bill of exceptions. J. A. May expressly stated that his conversation with Forrester at the mill was "about taking up the paper." Whether in that conversation the parties to it spoke of the "property" or of the "papers" held by Forrester Bros., it was apparent that the subject dealt with was the interest of that firm in the property in question.

Affirmed.