(107 So. 727)

## BRASHER v. STATE. (7 Div. 145.)

(Court of Appeals of Alabama. March 23, 1926.)

**1. Criminal law ⚖➡753(2).**

Refusal of general affirmative charge for defendant as to count of indictment supported by no evidence was error.

**2. Criminal law ⚖➡406(3)—Admission of testimony as to statements in nature of admission of guilt by accused about time of arrest, without showing absence of threats or inducements, held error.**

Admission of testimony as to statements in nature of admission of guilt by accused at or about time of his arrest, without first showing that none of those present offered any inducements or made threats to get him to make statements, *held* error.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Charlie Brasher was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

A confession is inadmissible, without showing that it was voluntary. Amos v. State, 3 So. 749, 83 Ala. 1, 3 Am. St. Rep. 682; Carr v. State, 85 So. 852, 17 Ala. App. 539. The defendant should have had the affirmative charge on the first count.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

A general verdict will be referred to the count of the indictment sustained by the evidence. Cleveland v. State, 103 So. 707, 20 Ala. App. 426; May v. State, 5 So. 14, 85 Ala. 14. A statement, being part of the res gestæ, does not require a predicate. Bone v. State, 62 So. 455, 8 Ala. App. 59. Holyfield v. State, 82 So. 652, 17 Ala. App. 162.

RICE, J. Appellant was charged in separate counts in an indictment with, first distilling, etc., prohibited liquors; and, second, having possession, etc., of a still, etc., to be used in the manufacture of prohibited liquors.

[1] There was a general verdict of guilty as charged in the indictment. No evidence being contained in the record to support the first count of the indictment, it was error to refuse the general affirmative charge in his favor as to said count, duly requested by appellant. Winchester v. State, 102 So. 595, 20 Ala. App. 431.

[2] The opinion in the case of Carr v. State, 85 So. 852, 17 Ala. App. 539, is a direct authority for our holding, and we do hold, that the admission in evidence of the testimony of the witness Buckner as to the statements in the nature of admissions of guilt made by the defendant at or about the time of his arrest was error. As stated in the Carr Case, supra, a proper predicate for the admission of this testimony required that it be first shown that none of those present, and here there were shown to be several, offered defendant any inducements, or made threats, etc., to get him to make the statement testified about.

The other questions presented involve no principles of law that have not been many times announced and gone over by this court, and will probably not arise in their present form on another trial. Hence a discussion of them here will be pretermitted.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.