(112 So. 761)

HAWES v. STATE. (3 Div. 793.)

Supreme Court of Alabama. April 28, 1927.

1. Larceny ☞13—Defendant is not guilty of larceny of money paid him by one who voluntarily parted with both possession and ownership.

Where injured party not only voluntarily parted with possession of money paid to defendant but also with its ownership, which unconditionally vested in defendant, latter was not guilty of larceny of such money.

2. Criminal law ☞1173(3)—Refusal of instruction to acquit for larceny of money voluntarily paid to defendant held reversible error, where verdict of guilty for larceny and embezzlement was general.

Where verdict of guilty was general in prosecution for larceny and embezzlement, refusal of instruction that jury could not convict under count for larceny of money voluntarily paid to defendant held reversible error.

3. Witnesses ☞236(5) — Where nothing on face of general question indicates illegal answer, opposing party cannot have it excluded, though responsive answer may be illegal.

Where question propounded to witness is so general or so broad in its scope that responses may as well be irrelevant or illegal as otherwise, question is properly excluded if objected to, but opposing party has no right to have it excluded where nothing on face of question indicates illegal answer.

4. Criminal law ☞693—Where witness was asked to tell jury what he knew about case, objection might be made to hearsay evidence as it appeared in answer.

Where general question asking witness to tell jury what he knew about case did not indicate irrelevant or illegal answer on its face, court erred in overruling objection made to hearsay evidence as it appeared in answer.

5. Criminal law ☞413(2)—Declarations, explaining possession, though self-serving, are competent on intent, under verbal act doctrine.

Where issue involves intent with which defendant takes and holds possession of property, declarations explanatory of possession, made

while in possession and directly relating thereto, are competent under verbal act doctrine, and cannot be excluded as being self-serving.

**6. Criminal law ⬅413(2)—Defendant's declaration that he was looking for injured party after taking property held not admissible under verbal act doctrine.**

In prosecution for larceny and embezzlement, evidence that defendant said he was looking for injured party after alleged taking of property *held* not admissible under verbal act doctrine, since declarations would not relate directly to fact of possession.

Sayre, Gardner, and Brown, JJ., dissenting in part.

Certiorari to Court of Appeals.

Petition of J. C. Hawes for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Hawes v. State, 112 So. 759. Writ granted; reversed and remanded.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

What defendant did and said while in possession of the car at the place where he was to return with it, and only a few minutes after he left with the car, was a part of the res gestæ, and admissible. Smith v. State, 103 Ala. 40, 16 So. 12; Bryant v. State, 116 Ala. 445, 23 So. 40; Crawford v. State, 44 Ala. 45; State v. Gillespie, 62 Kan. 469, 63 P. 742, 84 Am. St. Rep. 411. The verdict was general, and the action of the court in refusing the affirmative charge as to count 3 was reversible error. Walling v. Fields, 209 Ala. 389, 96 So. 471; Dorsey v. State, 134 Ala. 553, 33 So. 350; Brasher v. State, 21 Ala. App. 309, 107 So. 727. Defendant's motion to exclude hearsay testimony given by the witness Avant should have been sustained; the question calling for the testimony being a proper one, it was not necessary that the question be objected to. Forrester & Bro. v. May, 3 Ala. App. 281, 57 So. 64; Huckabee v. State, 168 Ala. 27, 53 So. 251; 40 Cyc. 2415.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The defendant was indicted under three counts—the first, for larceny of an automobile; the second, for its embezzlement; and the third, for larceny of $100 from the person of one P. L. Hudson. The state's case, briefly stated, was that Hudson, after being driven around by defendant in a Ford car, bought the car from defendant for $100, which he then and there paid to him in cash; whereupon defendant, on the pretense of going to the courthouse to get the proper papers, and, promising to return shortly, drove the car off, and did not return at all, and was shortly afterwards found by the arresting officer with the car in his possession.

[1] It thus appears that Hudson voluntarily parted, not only with the possession of the money he paid to defendant, but also with its ownership, which was unconditionally vested in defendant. Under these circumstances defendant could not be held guilty of larceny of the money. Ex parte Economu, 211 Ala. 237, 100 So. 85.

[2] The verdict of guilty was general, as authorized by the trial court in its instructions to the jury, and it is impossible to determine from the record under what count or counts of the indictment the jury found defendant guilty. In this state of the case we see no escape from the conclusion that the trial court committed reversible error in refusing to instruct the jury, as duly requested by defendant, that they could not convict defendant under the third count for the larceny of the money. Brasher v. State, 21 Ala. App. 309, 107 So. 727; Dorsey v. State, 134 Ala. 553, 33 So. 350; Walling v. Fields, 209 Ala. 389, 96 So. 471.

[3] When the question propounded to a witness is so general, or so broad in its scope, that a responsive answer may as well be irrelevant or illegal as otherwise, the question is properly excluded if objected to by the other party. Birmingham R., L. & P. Co. v. Barrett, 179 Ala. 274, 285–290, 60 So. 262, reviewing the cases.

But, when there is nothing on the face of the question, or in the statement of examining counsel, to show that the answer will be irrelevant or illegal, the opposing party has no right to have the question excluded, and the trial court's refusal to exclude is not error. Huckabee v. State, 168 Ala. 27, 53 So. 251; Forrester v. May, 3 Ala. App. 281, 284, 57 So. 64.

[4] The rule then is clearly established that the trial court may either exclude such a question, or allow it to be answered, without error either way. And the result is necessarily that the objection may and must be made to irrelevant or illegal statements as they may appear in the course of the witness' narrative, pursuant to such general question. Forrester v. May, 3 Ala. App. 281, 284, 57 So. 64.

Under this principle, it must be held that the trial court erred in overruling defendant's objection to the illegal hearsay matter testified to by the witness Avant, in response to the general question, "Tell the jury what you know about the case?" The objection was properly made when the hearsay was presented, and should have been sustained.

[5, 6] When the issue involves the intent with which the defendant has taken and is holding possession of property, declarations explanatory of his possession, made while in possession and directly relating thereto, are compe-

tent evidence, under the verbal act doctrine, and cannot be excluded as being merely self-serving declarations. Smith v. State, 103 Ala. 40, 16 So. 12; Bryant v. State, 116 Ala. 445, 23 So. 40; 1 Greenl. Ev. (16th Ed.) 188-192, § 108. The declarations of defendant, as sought to be shown by his witness Rambo, were that, when witness saw defendant, very shortly after he left the prosecutor Hudson, after the transaction with him, defendant inquired of witness "if he had seen a man named Hudson; that he was looking for Hudson, with whom he had had a deal about an automobile, and whom he was to meet at that place, but had been unable to find." These declarations are not within the rule of admissibility, because they do not relate directly to the fact of defendant's possession of the automobile, but primarily to collateral incidents, and their exclusion was, we think, without error.

The judgment of the trial court should have been reversed for the two errors above noted, and the judgment of affirmance by the Court of Appeals will be set aside, and the cause remanded to that court for further proceedings in accordance herewith.

Writ of certiorari granted.

All the Justices concur in the granting of the writ.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur in the opinion.

SAYRE, GARDNER, and BROWN, JJ., dissent only upon the proposition that the defendant was entitled to the general affirmative charge on count 3 of the indictment, being of the opinion that on the facts stated it was a question for the jury whether or not Hudson intended to part with the ownership of the money.