18 So.2d 805

### WATKINS v. STATE.

7 Div. 772.

Court of Appeals of Alabama.

June 13, 1944.

Rehearing Denied June 30, 1944.

Ross Blackmon, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

◼ Appellant was convicted of the offense of grand larceny and sentenced to serve imprisonment in the penitentiary for the term of three years. The testimony indicated that he was a man of bad character; and this, doubtless accounts for the fact that the jury treated lightly his contention on the trial. The facts are peculiar; but we would not say they did not make a case for the jury's decision.

Appellant and one Reeves went into a barber shop operated by two barbers— Mr. Davis and Mr. Durham, both busy working on customers or patrons at the time.

Reeves allowed appellant to be "waited on" first; and appellant took the chair operated by Durham, placing, as he uncontradictedly stated, "his things" on "the stand" behind Mr. Durham's chair.

Davis becoming ready for another customer, Reeves took his chair, Davis taking Reeves' "glasses"—the article(s) alleged to have been stolen by appellant,—and placing them "on the stand" behind Durham's chair.

Appellant was discharged ahead of Reeves; took "his things" and left the shop. When Reeves was ready to leave, his "glasses" could not be found. They were later recovered from appellant.

Appellant testified that one Golden, who was travelling with him, but who was not in the barber shop, had turned over to him his, Golden's, "glasses" to keep—it seems Golden was "drinking." And that when he came out of the barber shop he inadvertently and unintentionally picked up Reeves "glasses" which had been placed on the stand immediately back of the chair in which appellant was being served.

Golden corroborated appellant as to his having turned over to appellant his own "glasses" to keep safely.

◼ Appellant attempted to show by Golden statements made by appellant upon discovering that he had in his possession the other—Reeves—glasses; said statements being made later in the same day; and while appellant and Golden were proceeding on their joint trip and said statements being with regard to his possession of the Reeves glasses. The court refused to allow this—proper objections and exceptions presenting the matter to us.

We must hold the trial court in error in the regard mentioned. And of course the error was very damaging to appellant's defense.

◼ The law is well settled that "when the issue (as here, we interpolate) involves the intent with which the defendant has taken and is holding possession of property, declarations explanatory of his possession, made while in possession and directly relating thereto, are competent evidence, under the verbal act doctrine, and cannot be excluded as being merely self-serving declarations." Hawes v. State, 216 Ala. 151, 112 So. 761, 762, citing Smith v. State, 103 Ala. 40, 16 So. 12; Bryant v. State, 116 Ala. 445, 23 So. 40; and 1 Greenl. Ev. (16th Ed.) 188-192, Sec. 108.

The judgment is reversed and the cause remanded.

Reversed and remanded.

CARR, J., not sitting.