31 So.2d 519

### JACKSON v. STATE.

#### 3 Div. 474.

Supreme Court of Alabama.
April 17, 1947.

Rehearing Denied June 30, 1947.

Walter J. Knabe and Bernard Lobman, both of Montgomery, for petitioner.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.

BROWN, Justice.

■ If the defendant entertained the intent to steal the money at the time the letter containing it was delivered to him or when he assumed dominion over it and thereafter . extracted it from the envelope and converted it to his own use, and there was evidence tending to sustain this conclusion, he was guilty of larceny as charged in the first count of the indictment. Beckham v. State, 100 Ala. 15, 14 So. 859; Eggleston v. State, 129 Ala. 80, 30 So. 582, 87 Am.St. Rep. 17.

On the other hand if he formed the felonious purpose and intent to appropriate the money to his own use after the letter was delivered to him and he had entered upon the performance of his agency and in pursuance of that intent appropriated the money to his own use, and there was evidence tending to support this view, he was guilty of embezzlement as charged in the second count of the indictment. Eggleston v. State, supra.

■ Where as here the indictment contains two counts charging offenses calling for the same punishment, and relates to a single criminal transaction, only one penalty can be imposed and a general verdict of guilty followed by judgment thereon precludes any further prosecution based on that transaction. Cawley v. State, 37 Ala. 152; Sampson v. State, 107 Ala. 76, 18 So. 207; Burt v. State, 159 Ala. 134, 48 So. 851; Kilgore v. State, 74 Ala. 1.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

The indictment against the petitioner contained two counts—for grand larceny ·and for emblezzlement. Both of said counts were held to be good and at the conclusion of the evidence petitioner requested the affirmative charge as to each of said counts, which was refused, the trial resulting in· a general verdict of guilty.

On the authority of Norman v. State, 13 Ala.App. 337, 69 So. 362, in the circumstances stated, petitioner insists he was entitled to a specific verdict as to which of the charges he was found guilty. The evidence, as found by the court of appeals, warranted a submission to the jury on both counts. Hawes v. State, 216 Ala. 151, 112 So. 761, Jones v. State, 236 Ala. 30, 182 So. 404, 406 do not support this contention.

In the case first cited the evidence did not warrant a submission to the jury as to defendant's guilt under one count of the in-

·dictment and the judgment was reversed for refusal of the affirmative charge in favor of the defendant as to that count. In the other case cited, to quote from the opinion of this court referring to the opinion of the court of appeals, it was said: "The opinion shows ·counts 4, 5, and 7 were not supported by evidence sufficient to justify a verdict of guilty. Our cases hold that, when the affirmative charge as to such count is refused, and there is a general verdict of guilty, though some of the counts are supported by some aspects of the evidence, the denial of the affirmative charge as to other counts (not supported by the evidence) is reversible error. Hawes v. State, 216 Ala. 151, 112 So. 761; Ross v. Washington, 233 Ala. 292, 171 So. 893."

In Norman v. State, supra, one of the ·counts upon which the case went to the jury was a defective count and the holding in that case is consistent with the cases above cited.

In the instant case the affirmative charge as to each of said counts was properly refused for the reason that there was evidence, as heretofore stated, to warrant the submission of the case to the jury on both counts. The question of whether or not the jury would return a general or specific verdict was within their province.

The application for rehearing is overruled.