44 So.2d 789

**MOORE v. STATE.**

**5 Div. 287.**

Court of Appeals of Alabama.

Jan. 17, 1950.

Rehearing Denied Feb. 7, 1950.

Jacob A. Walker, of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case is in two counts as follows:

"1. The Grand Jury of said County charge that before the finding of this indictment, Jimmy L. Moore, alias Pete Moore, did with intent to steal break into

and enter the uninhabited dwelling house of Hugh Smith;

"2. And the Grand Jury of said county further charge that before the finding of this indictment Jimmy L. Moore, alias Pete. Moore, did with intent to steal break into and enter the camp house of Hugh Smith, a building in which goods, wares, and household furniture, things of value, were kept for use, sale or deposit; against the peace and dignity of the State of Alabama."

Demurrers were overruled as to each count. The court, also, refused the general affirmative charge as to each count. The jury returned a general verdict of guilt as charged in the indictment.

■ The first count of the indictment follows substantially the code form, and it is unquestionably sufficient. Evans v. State, Ala.App., 41 So.2d 615.

■ Ordinarily, a general verdict is referable to a good count in the indictment which is supported by the evidence. This rule, however, is without application if the general affirmative charge is requested as to each count and the evidence does not warrant a submission of the case to the jury under each of the counts. A contrary holding would deprive the appellant of full review of a presented question. Hawes v. State, 216 Ala. 151, 112 So. 761; Jones v. State, 236 Ala. 30, 182 So. 404; Brasher v. State, 21 Ala.App. 309, 107 So. 727; Jackson v. State, 33 Ala.App. 42, 31 So.2d 514, certiorari denied 249 Ala. 348, 31 So.2d 519.

■ As we pointed out in the recent case of Moore v. State, Ala.App., 44 So.2d 262, Section 86, Title 14, Code 1940 describes and treats of "uninhabited dwellings" as a specific class. Count 1 of the instant indictment charges burglary of this enumerated class of building. It is sufficient without the added allegations that goods, wares, merchandise, etc. were kept therein for use, sale, or deposit. Evans v. State, supra.

Under a logical interpretation of the statute, it cannot be said that the term "other building" is expected to include "uninhabited dwelling." It is clear that it should be placed in the group that is described under the second clause of the statute, and this without reference to the descriptive class "uninhabited dwellings" which is denoted under the first clause of the statute.

■ In the case at bar the evidence discloses that the burglarized building is practically of the same character and description and was used for similar occupational purposes as the building we described in the opinion in the former Moore case.

We held there, and we hold here, that the building, when burglarized, was an "uninhabited dwelling" within the contemplation of the applicable statute.

See also authorities cited in the Moore case, supra.

■ This fact was established by the undisputed evidence. It follows that a conviction could only be sustained under the first count of the indictment, and the appellant was due the general affirmative charge under the second count. Its refusal was error, upon which a reversal of the judgment below must be ordered.

■ The record discloses that it would not be an aid to another trial for us to decide the question of the sufficiency of Count 2 of the indictment as against the interposed demurrers. Under no aspect of the undisputed evidence could the prosecution be sustained under this count.

For the reason indicated herein it is ordered that the judgment at nisi prius be reversed and the cause remanded.

Reversed and remanded.