(100 South. 85)

### Ex parte ECONOMU. (6 Div. 113.)

(Supreme Court of Alabama. April 10, 1924.
Rehearing Denied May 15, 1924.)

**1. Criminal law ⬿304(2) — Court bound to know that par value of United States bonds sufficient to sustain grand larceny conviction.**

While courts will not judicially notice the exact market value of United States Victory loan bonds, when stolen they are bound to know that they are worth very close to their par value, and that such bonds, amounting to $3,800 par value, were worth more than enough to sustain conviction for grand larceny.

**2. Larceny ⬿32(3) — One buying United States bonds with wife's money held "bailee," with ownership subject to larceny.**

One buying United States Victory bonds for his wife, with her money, was "bailee" so long as he retained custody, and in a prosecution for larceny ownership was properly laid in him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bailee.]

Certiorari to Court of Appeals.

Petition of George Economu for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Economu v. State, 19 Ala. App. 570, 100 South. 85. Writ denied.

Black, Harris & Foster and Nesmith & Garrison, all of Birmingham, for petitioner.

The distinction between larceny and obtaining property by false pretense depends upon the intention of the parties as to the passing of title. 17 R. C. L. 15; Loomis v. People, 67 N. Y. 322, 23 Am. Rep. 123; People v. Rae, 66 Cal. 423, 6 Pac. 1, 56 Am. Rep. 102; People v. Tomlinson, 102 Cal. 19, 36 Pac. 506.

Harwell G. Davis, Atty. Gen., opposed.

No brief reached the Reporter.

SOMERVILLE, J. The first count of the indictment charged the defendant with the larceny of $3,600 of money, and the third count charged him with the larceny of $3,700 par value of United States government bonds.

The evidence for the state tended to show that the defendant and two other men went to the store of Sanchez, the prosecutor, and there sold and delivered to him 37 $100 bonds of the description charged, and received from him $3,600 in money in payment therefor; that the package of bonds was thereafter—at the same time and place—handled by defendant and one of the others severally; and that when they were about to go Sanchez called for the bonds, and one of the three handed him a package out of a grip, which when opened later contained nothing but worthless paper.

The trial judge instructed the jury that they could not convict the defendant under both counts, and that his offense, if guilty at all, would depend on whether the transaction was completed or not; that is, whether there was a delivery of the money to the defendant, or one of his associates, and a delivery of the bonds to Sanchez.

The jury convicted the defendant under the third count—for larceny of the bonds, and on appeal the Court of Appeals held that under the evidence the conviction was proper, and that the general affirmative charge for defendant was properly refused.

Defendant invokes this well-settled principle of law, viz.:

"If a person, with a preconceived design to appropriate property to his own use, obtains possession of it by means of fraud or trickery, the taking under such circumstances amounts to larceny, because in such cases fraud vitiates the transaction, and the owner is still deemed to retain a constructive possession of the property, and the conversion of it is a sufficient trespass, or, as is sometimes said, the fraud or trick practiced on the owner is equivalent to a trespass." 17 R. C. L. 13, § 13, citing Frazier v. State, 85 Ala. 17, 4 South. 691, 7 Am. St. Rep. 21; People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546; Grunson v. State, 89 Ind. 533, 46 Am. Rep. 178, and many other cases.

The bearing of that principle, however, is only upon the possession, where that is obtained by fraud. For—

"It is an established rule of the common law that, if the owner of goods alleged to have been stolen voluntarily parts with both the possession and the title to the alleged thief, not expecting the goods to be returned to him or to be disposed of in accordance with his directions, then neither the taking nor the conversion amounts to larceny, for in such a case there is an absence of the necessary trespass in the taking. This rule applies even where the owner is induced to part with the title through the fraud and misrepresentation of the alleged thief. In such cases the crime committed may be obtaining property by false pretenses." 17 R. C. L. 14, § 14, citing People v. Tompkins. 186 N. Y. 413, 79 N. E. 326, 12 L. R. A. (N.

S.) 1081; Williams v. State, 165 Ind. 472, 75 N. E. 875, 2 L. R. A. (N. S.) 248, and many other cases.

The latter paragraph from Ruling Case Law states the principle which is clearly applicable here. ' If the case were that defendant had represented to Sanchez that he knew of bonds that could be bought at a discount, and, fraudulently designing to get from him the money for their ostensible purchase, had received the money for that purpose, and then intentionally converted it, as preconceived, to his own use, the principle invoked by counsel would be applicable.

[1] The bonds in question were of the war issue known as Victory loan bonds, and, while courts will not take judicial notice of the exact market value of such bonds, they are bound to know, and do know, that they are worth very close to their par value; and that such bonds, amounting to $3,800 par value, were worth more than enough to sustain a conviction for grand larceny.

[2] Sanchez, though not the owner of the bonds—having bought them with his wife's money, for her, was nevertheless a bailee of them so long as he retained their custody, and their ownership was properly laid in him. Viberg v. State, 138 Ala. 100, 107, 35 South. 53, 100 Am. St. Rep. 22; Fowler v. State, 100 Ala. 96, 14 South. 860.

We find no error in the judgment of the Court of Appeals, and the writ will be denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.