(112 So. 759)

## HAWES v. STATE. (3 Div. 541.)

Court of Appeals of Alabama. Aug. 31, 1926.

Rehearing Denied Dec. 7, 1926. Reversed on Mandate May 10, 1927.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

BRICKEN, P. J.   There was a general verdict of guilty as charged in the indictment, and, from the judgment of conviction pronounced and entered, in accordance with such verdict, this appeal was taken.

The indictment contained three counts—the first count being for the larceny of an automobile; the second, for the embezzlement of the same automobile; and the third count charged larceny of $100 in money from the person of P. L. Hudson.

■ The demurrers to the indictment were properly overruled.

■ In each count of the indictment P. L. Hudson is named as the alleged injured party. The evidence, without conflict, disclosed that the said P. L. Hudson, a resident of Pine Level, Montgomery county, Ala., was sent to Montgomery by his father to purchase an automobile with money belonging to his (Hudson's) father; that he met the defendant and rode around the city in a secondhand Ford car, which he finally purchased from defendant for the $100 his father had sent, and Hudson testified he gave the money to defendant Hawes, and that defendant then told

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

92

him he had to go to the courthouse to get the papers on the car, and left with the money and the car; that he failed to return, and was not seen by Hudson again until some time later when he was arrested. Hudson testified "he never got back his money or the car."

It is here insisted that the defendant was entitled to the general affirmative charge as to each count of the indictment, which charges were requested in writing, upon the theory that the undisputed evidence disclosed that the car or money in question was not the property of P. L. Hudson, but was the property of the father of P. L. Hudson, etc.

These several insistences cannot be sustained. The undisputed facts constituted P. L. Hudson the bailee, the money in question was in his possession, and the ownership was properly laid in him. Fowler v. State, 100 Ala. 96, 14 So. 860; Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22; Ex parte Economu, 211 Ala. 237, 100 So. 85.

The state introduced as a witness one J. P. Avant, who testified that he took Hudson in a car with him to try to find defendant, and, after driving all around town and back up on Adams street they found the car in question on the 900 block of Adams street, and found defendant in the house, and that, upon confronting him with Hudson, the defendant denied all knowledge of him, and insisted he had never seen him before; and further: "We came on to the office, and he still denied it bitterly, that he had ever seen this man or had anything to do with him, or been about him before until right now." In this connection the defendant, testifying as a witness in his own behalf stated "that he didn't think he told Mr. Avant that he had never seen Hudson before; that when Avant came in he was drinking coffee trying to get sober." He also testified "that if Hudson had paid him any money he didn't know anything about it; that he didn't know whether he gave him the money or not; * * * that he didn't know whether he sold the car or not."

The court refused to allow defendant to show by witness Rambo "that on this particular day the witness Rambo saw the defendant about 12 o'clock noon in front of the Standard Auto & Supply Company, and that defendant, Hawes, asked him if he had seen a man named Hudson; that he was looking for a man named Hudson whom he had a deal with about an automobile; that he had an engagement to meet Hudson there in front of the Standard Auto & Supply Company, and that he had not been able to find him there and wanted to know of witness if witness had seen him, describing him to witness. It is insisted that in this ruling the court committed reversible error. A self-serving declaration by defendant is never admissible unless part of the res gestæ. The above-quoted alleged declaration of defendant was not part of the res gestæ; it was therefore not admissible in evidence, and the court properly so held.

When state witness J. P. Avant was introduced as a witness, without objection by defendant, he was asked by the solicitor to "tell the jury what he knew about the case"; whereupon witness proceeded to testify, and among other things, stated, "He gave his name as John Williams, and I taken Mr. Hudson and"—whereupon defendant objected to this statement and moved to exclude it and excepted to the court's ruling in denying the motion. It is insisted that this ruling was error. In order to put the court in error for allowing in evidence improper, illegal, and immaterial answer of a witness, timely objection must be interposed to the question calling for such illegal testimony, and an objection comes too late if not made until after the answer of the witness is given. Here no objection was interposed until after the witness had given the answer complained of. It was responsive to the blanket question propounded by solicitor "to tell the jury what he knew about the case." By failing to object to this manner of examination of the witness, and by not insisting that specific questions be propounded in order that timely objections could be made, the defendant deprived himself of the right to object to such answers of the witness as were responsive to the question propounded. The court will not be put in error where the defendant waived his right to a proper examination of the witnesses as here appears.

The exceptions reserved to the manner of the solicitor in the examination of the witnesses and in his argument to the jury are without merit. We discover no reversible error in this connection. In our opinion this case presented a question for the determination of the jury. The evidence tended to show that the defendant got the $100 from Hudson. With what intent he so received this money was a question for the jury. The evidence tends to conclusively show that Hudson never received the money back, nor did he get the automobile from defendant or any one else for the money he paid to defendant. If, as insisted by defendant, he was drunk upon the occasion in question and could not remember what had occurred between himself and the injured party Hudson, this also was a question for the jury as to the intent of the accused, as the evidence relating to his condition at that time was also in conflict.

We discover no reversible error in any of the rulings of the court upon the trial of this case. Let the judgment of conviction appealed from stand affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Hawes v. State, 216 Ala. 151, 112 So. 761.