148 So. 171

## EVERETT v. STATE.

### 6 Div. 465.

Court of Appeals of Alabama.

May 9, 1933.

J. W. Everett, pro se.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

■ Any person charged with, or on trial for a criminal offense, is entitled to a fair and impartial trial, for the law is, that no person shall be accused, arrested, detained, or tried, except in the manner and form provided by law. It makes no difference how guilty a person might be, these sacred and valuable constitutional and statutory rights of the citizen cannot be disregarded by trial courts, over the objection of the accused, and such unlawful acts affirmed, on the ground that the citizen was not injured by thus being deprived of his rights. It is difficult to understand how it is possible that a citizen is not injured when he is deprived of such rights. As stated in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462: "The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

■ In the instant case state witness C. L. Webb was permitted to testify, over the objection and exception of appellant, as to an alleged confession of the defendant relative to his ownership of the truck in question. No semblance of a predicate was laid or even attempted. The evidence should not have been allowed for confessions are prima facie involuntary and inadmissible and before being allowed to go to the jury in a criminal case it must affirmatively be shown to the satisfaction of the court that they were made voluntarily. Minton v. State, 20 Ala. App. 176, 101 So. 169. Here, the objection interposed was based upon the grounds that it was irrelevant, incompetent, immaterial, and illegal—a general objection—this objection, though general, was sufficient. Poarch v. State, 19 Ala. App. 161, 95 So. 781; McAlpine v. State, 117 Ala. 93, 23 So. 130. In the Poarch Case, supra, the court said: "A general objection to testimony as to confessions of defendant, or that the question propounded calls for irrelevant, inadmissible, and illegal evidence, is sufficient for its exclusion, in the absence of a proper predicate." The court erred in overruling the objection, and the exception reserved in this connection must be sustained.

■ The question propounded to state witness Whitson, by the state, was objectionable because of the last clause; for it was immaterial if "anyone else" operated the truck on the public highway unless it was with the knowledge or consent of the accused. This insistence of appellant is also sustained.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.