199 So. 897

**MURCHINSON v. STATE.**

5 Div. 111.

Court of Appeals of Alabama.

Dec. 17, 1940.

Rehearing Denied Jan. 21, 1941.

Felix L. Smith, of Rockford, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of grand larceny (Code 1923, Sec. 4905), and his punishment fixed at imprisonment in the penitentiary for an indeterminate period of not less than two years, nor more than three years,—the offense with and for which he was charged and convicted having occurred prior to the effective date of Act of the Legislature approved August 24, 1939, Gen. Acts Ala. Regular Session 1939, p. 438.

The facts in the case, as stated by the Assistant Attorney General here representing the State, are as follows, to-wit:

"The evidence introduced on behalf of the State tends to prove that on Saturday night, July 22, 1939, one J. P. Whitson met appellant in Coosa County and appellant stated to Whitson that he had sixty-three cases of whiskey that he wished to sell at $6.00 per case. The evidence further tends to prove that Whitson did not want all of the whiskey, and Whitson and appellant went to Talladega to contact friends of Whitson to see if they wanted any of the whiskey. The evidence further tends to prove that Whitson contacted three of his friends, and the four of them in company with the appellant returned to Coosa County to get the whiskey. After driving around for a while, appellant told the driver of the automobile to turn up a side road and stop. Whitson and appellant got out of the automobile and walked up the road about a quarter of a mile. Then appellant told Whitson to wait and he would proceed to the house and see if he could get the whiskey. Appellant returned in about a half an hour and stated to Whitson that he could not get the whiskey that night. After some talking back and forth, appellant stated that he would try to get some of the whiskey that night—thereupon, Whitson gave appellant a sum of money between $148 and $152. Appellant walked away toward the house and did not return with either the whiskey or the money.

"There was no evidence introduced on behalf of the appellant."

.The indictment was in two counts, i. e. as it was submitted to the jury, and we quote the first of same (the other being not essentially different—merely placing the amount of money at $152.50 rather than at $148) to-wit: "The Grand Jury of said County charge that before the finding of this indictment Lorenza Murchison, whose true name is to the Grand Jury unknown otherwise than as stated, feloniously took and carried away One Hundred Forty Eight & No/100 Dollars, lawful money of the United States of America, of the value of One Hundred Forty Eight & No/100 Dollars, the personal property of J. P. Whitson, against the peace and dignity of the State of Alabama."

The decisive question is the propriety vel non of the trial court's action in refusing to give to the jury at appellant's due request the general affirmative charge to find him not guilty. Or, as the Attorney General states it: "Under the evidence introduced by the State, can this appellant be guilty of grand larceny?" We will answer the question as put by the Attorney General.

It should first be observed that Coosa County, where the transaction took place, is a "Dry County"—wherein the laws against the sale and possession of whiskey, in so far as concerns all those situated as were appellant and State's witness J. P. Whitson, are in full force and effect as

they stood prior to the enactment of the Alabama Beverage Control Act in February 1937, Gen.Acts Ala. Extra Session 1936–1937, p. 40. Code 1928, Sec. 4621; Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920.

And that State's witness J. P. Whitson in undertaking to buy the whiskey was endeavoring to violate the law. Jinright v. State, 220 Ala. 268, 125 So. 606.

█ Never in the history of the common law have agreements in violation of law been regarded as valid. Individuals have at no time been allowed to stipulate for iniquity. 12 Amer.Jur. Contracts, § 149; Black & Manning v. Oliver, 1 Ala. 449, 35 Am.Dec. 28.

Likewise is it true that "transactions in violation of law cannot be made the foundation of a valid contract; * * * (and that) an agreement to do an illegal act is illegal." 12 Amer.Jur. Contracts, §§ 149, 150.

As in the Black & Manning v. Oliver case, supra, Oliver, after delivering a slave to Sweet (in whose place Black & Manning stood at the trial), was powerless to recover the slave or force Sweet to perform an illegal agreement made as a consideration for the slave's delivery, so, here, State's witness Whitson, who, admittedly "gave appellant a sum of money between $148.00 and $152.00," in return for appellant's illegal agreement that "he would try to get some of the whiskey that night"— whiskey which, by the way, *belonged* to appellant—is to be left powerless.

Now if State's witness Whitson is powerless to recover the money he "gave (to) appellant," it is difficult to perceive how it can be contended that appellant may be convicted of the *larceny* of said money— for surely by its *larceny* no title would have gone into appellant, thus cutting off Whitson's right to recover same.

█ The law is well settled that "if the owner of money or a chattel delivers it to another with the intention not only of parting with the possession, but also of investing the person to whom it is delivered with the title to it, such person is not guilty of larceny in receiving it, although the delivery was induced by the most flagrant fraud * * * for the reason that the title having passed, there is no one other than himself in whom an indictment

for larceny can lay the ownership and possession of the thing taken." 36 C.J. p. 777, § 139. The same principle is stated, in only slightly variant language in 17 R. C.L. p. 14, § 14. And it was quoted and approved by our Supreme Court in Ex parte Economu, 211 Ala. 237, 100 So. 85.

The situation presented by the evidence here is in principle in no wise distinguishable, that we can see, from that presented in the case of Hawes v. State, 216 Ala. 151, 112 So. 761, 762.

In that case Hawes, the appellant, was charged in the third count of the indictment with the larceny of $100 from the person of one P. L. Hudson. Our Supreme Court said:

"The State's case, briefly stated, was that Hudson, after being driven around by defendant in a Ford car, bought the car from defendant for $100, which he then and there paid to him in cash; whereupon defendant, on the pretense of going to the courthouse to get the proper papers, and, promising to return shortly, drove the car off, and did not return at all, and was shortly afterwards found by the arresting officer with the car in his possession.

"It thus appears that Hudson voluntarily parted, not only with the possession of the money he paid to defendant, but also with its ownership, which was unconditionally vested in defendant. Under these circumstances defendant could not be held guilty of larceny of the money. Ex parte Economu, 211 Ala. 237, 100 So. 85.

"The verdict of guilty was general, as authorized by the trial court in its instructions to the jury, and it is impossible to determine from the record under what count or counts of the indictment the jury found defendant guilty. *In this state of the case we see no escape from the conclusion that the trial court committed reversible error in refusing to instruct the jury, as duly requested by defendant, that they could not convict defendant under the third count for the larceny of the money.* Brasher v. State, 21 Ala.App. 309, 107 So. 727; Dorsey v. State, 134 Ala. 553, 33 So. 350; Walling v. Fields, 209 Ala. 389, 96 So. 471." (Italics supplied by us.)

The fault with the cases, both from the Supreme Court and this Court, cited to us by the Attorney General as being applicable in their holdings to the situation here is that in none of them did the defrauded party (to thus impliedly dignify State's

witness Whitson with that appellation) part with more than the *possession* of their property.

Here it is plain that the State's witness parted, willingly, with both the *possession* and *title* to his money—in the vain expectation that appellant would *violate the law* by delivering to him a quantity of whiskey. He "stipulated for iniquity," and reaped "inequity"—irredressible, as we believe we have shown.

Certainly, answering the Attorney General's question hereinabove quoted, appellant could not, under the evidence introduced by the State, be guilty of the larceny of the money.

For the trial court's error in refusing, upon due request, to so instruct the jury the judgment is reversed and the cause remanded.

Reversed and remanded.