53 So.2d 810

## BLANTON v. STATE.

### 7 Div. 133.

Court of Appeals of Alabama.
Aug. 2, 1951.

Jas. L. Marshall, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of grand larceny, under an indictment, containing one count, charging that he feloniously took and carried away five hundred dollars, the personal property of Harold Rosamond, etc. The court fixed his punishment at imprisonment in the penitentiary for a term of five years.

Harold Rosamond, sole witness in the case, testified that he purchased a 1938 Model Ford Automobile from defendant, paying him therefor the sum of $500. Defendant delivered possession of the automobile and gave him a bill of sale. The next day the State Highway Patrol took the car. Rosamond was later present at a trial in Tuscaloosa County when defendant plead guilty to stealing the car.

Appellant insists the evidence failed to make out a case of grand larceny and that he was entitled to the general affirmative charge.

Under the evidence presented it clearly appears that Rosamond voluntarily parted with both the possession and the title to the money, which vested unconditionally in the defendant. The law is well settled that under such circumstances the taking does not amount to larceny, even though the owner of the money was induced to part with it through the fraud or misrepresentation of the defendant. Ex parte Economu, 211 Ala. 237, 100 So. 85; Hawes v. State, 216 Ala. 151, 112 So. 761; Murchinson v. State, 30 Ala.App. 15, 199 So. 897.

For the error of the court in refusing to defendant the general affirmative charge, the case is reversed and the cause remanded.

Reversed and remanded.