277 So.2d 380

**Henry Ford SWICEGOOD**

**v.**

**STATE.**

**3 Div. 191.**

Court of Criminal Appeals of Alabama.

May 1, 1973.

**106**

C. Lanier Branch, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of grand larceny and, after due and proper allocution in the presence of his appointed counsel, was sentenced to nine years imprisonment in the penitentiary. He elected to begin serving his sentence pending appeal.

The indictment charges that defendant feloniously took and carried away one 1968 Dodge Station Wagon, the property of Brewbaker Motors, Inc., a corporation, of the value of $2,395.00. The circumstances of the alleged theft are outside the common variety of automobile thefts.

According to the State's evidence, none being adduced by the defendant, the indictee on Saturday, April 24, 1972, approached one Lawrence Earl Hooks, used car sales manager for Brewbaker Motors, about buying the Dodge Station Wagon described in the indictment. The negotiations between the two culminated in the defendant's signing a written order, also signed by Baker for his employer, whereby defendant received credit for the Thunderbird Ford, in the sum of $600.00, leaving a balance due of $1,822.00, including $27.00 sales tax which was not included in the original value of the Dodge.

It appears from the evidence of the sales manager that the defendant did not have the money to pay the balance of the agreed purchase price, but indicated that he desired to borrow the balance due from the First National Bank of Trussville, in Jefferson County, instead of seeking financial arrangements in Montgomery. The manager let the defendant take the Dodge for transportation to Jefferson County, to return on Monday, April 26, 1971, with the money at which time the manager would make out and deliver a bill of sale to the defendant. The defendant never returned with the Dodge or the money. A city detective of Montgomery apprehended him in Montgomery on March 22, 1972, and took him in custody.

This detective testified at the trial of defendant as to certain inculpatory and confessory statements relative to the transaction made by defendant to him while under detention.

The trial judge heard evidence outside the presence of the jury and determined

that these statements were voluntarily made. The State at this hearing propounded a question to the witness and received an answer as follows:

"Q. Did you advise him of his rights?

"A. Yes sir."

Before the jury, the same question was propounded and answered as follows:

"A. Yes, we did."

The admissibility of the evidence was raised by defendant's objection. The question is ambiguous, uncertain, and very general, with a marked absence of specificity. It may be that the prosecuting attorney had in mind the mandates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3d 974, wherein the Supreme Court of the United States impressed certain guidelines to be followed by a police officer when questioning a detained suspect in an effort to obtain inculpatory or confessory statements. *Miranda* explicates the precise warnings which the officer must give the defendant and the consequence of failure to give such "warnings." These guidelines appear not only in *Miranda* but in Greathouse v. State, 47 Ala.App. 71, 250 So.2d 609; and Bridges v. State, 284 Ala. 412, 225 So.2d 821. An informative and interesting analysis of *Miranda* may be found in the New Confession Standards, Miranda v. Arizona, authored by Honorable Nathan R. Sobel, Justice of the Supreme Court, Kings County, New York.

■■■ It does not appear in the appeal record before us that the defendant was effectively and fairly informed of his rights under *Miranda,* nor was he warned of the consequence accruing to him if he confessed or made inculpatory answers. Because of such failure of proof, the burden being on the State of Alabama to adduce the same, none of the confessory answers delineated in the testimony of Detective Rutland should have been admitted. It was the duty of the State to spell out with clarity and reasonable precision the warnings the officers gave the defendant, if any, as mandated in *Miranda.* A general question, as here, does not meet the requirements of law.

■■■ We cannot see the relevancy of the officer's testimony that the defendant told him that he stole some credit cards which belonged to his sister's boy friend in California. The general rule in Alabama is that evidence of distinct and independent offenses is not admissible in the trial of a person accused of a crime. Evidence anent the commission of other crimes just to show moral delinquency is not admissible. Mason v. State, 259 Ala. 438, 66 So. 2d 557, 42 A.L.R.2d 847; Noble v. State, 253 Ala. 519, 45 So.2d 857. There are exceptions to the general rule. We pretermit saying that some other offenses mentioned in the alleged confession would be admissible under circumstances other than appears in the record. We cannot anticipate what evidence will be adduced at the next trial.

Appellant claims that it was error for the trial court to overrule his motion to exclude the State's evidence. He asserts that the evidence conclusively shows that not only possession but title passed to the appellant and therefore he could not by any construction of the evidence be guilty of larceny.

The rule upon which he relies is well stated in Murchinson v. State, 30 Ala.App. 15, 199 So. 897, as follows:

"The law is well settled that 'if the owner of money or a chattel delivers it to another with the intention not only of parting with the possession, but also of investing the person to whom it is delivered with the title to it, such person is not guilty of larceny in receiving it, although the delivery was induced by the most flagrant fraud . . . for the reason that the title having passed, there is no one other than himself in whom an indictment for larceny can lay the ownership and possession of the thing taken.' . . ."

The trial court properly submitted to the jury by way of oral charge and also written requested charges of appellant the issue of whether title passed. The jury by its verdict concluded that title did not pass to appellant upon the delivery of the automobile. We are of the opinion that there was ample evidence for the jury to have reached that conclusion.

We pretermit considering appellant's other complaints of error for the reason that at the next trial these same rulings may not occur.

For the court's error in admitting Detective Rutland's testimony with reference to defendant's inculpatory and confessory statements, the judgment of the trial court is due to be reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.