The defendant was indicted for burglary in the first degree and convicted of burglary in the second degree. Sentence was ten years' imprisonment.
 I
The only semblance of a predicate laid by the State for introducing the in-custody statement of the defendant was on direct examination of Lieutenant Ellie McDowell, Jr. of the Bay Minette Police Department.
"Q. Did you warn Mr. Robinson of his rights?
"A. Yes, sir."
* * * * * *
 "Q. Did he indicate that he understood his constitutional rights?
"A. Yes, sir."
Defense counsel objected on the basis that "the proper predicate has not been laid." The trial judge made the following ruling.
 "THE COURT: Would you (speaking to defense counsel) like to — unless you want to explain some area that the witness has not touched on specifically I am going to take his declaration that he gave the defendant his warnings or his constitutional rights as provided in the constitution.
 "MR. ENFINGER (Defense Counsel): We are going to except."
Because an in-custody statement by an accused is prima facie involuntary and inadmissible, the predicate laid for the admission of the statement is entirely inadequate. The assumption of the trial judge was unauthorized and has been rejected by the courts of this State. Thomas v. State,370 So.2d 1066, 1069 (Ala.Cr.App.), cert. quashed, 370 So.2d 1070
(Ala. 1979); Swicegood v. State, 50 Ala. App. 105, 277 So.2d 380
(1973). The State must show the precise and specific warnings given the accused so that the trial judge may make a determination of the compliance or noncompliance with Mirandav. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966);Thomas, supra; Kelley v. State, 366 So.2d 1145, 1149, n. 3 (Ala.Cr.App. 1979). The duty rests in the first instance on the trial court to determine whether or not a confession is voluntary. Lokos v. State, 278 Ala. 586, 179 So.2d 714 (1965);Kendrick v. State, 356 So.2d 1222 (Ala.Cr.App. 1977); Reynoldsv. State, 346 So.2d 979 (Ala.Cr.App.), cert. denied,346 So.2d 986 (Ala. 1977).
Although it is generally recognized that a specific objection to evidence offered is a condition precedent to appellate review, a general objection is sufficient to predicate error on appeal if the evidentiary matter to which it is addressed is patently inadmissible. Satterwhite v. State, 364 So.2d 359
(Ala. 1978). Here the objection was specific enough to inform the trial court that a proper predicate for the admission of the confession had not been established. Everett v. State,25 Ala. App. 432, 148 So. 171 (1933).
This Court has a statutory duty to consider "all questions apparent on the record" whether or not argued in brief. Sandersv. State, 278 Ala. 453, 179 So.2d 35 (1965); Norris v. State,236 Ala. 281, 182 So. 69 (1938); Alabama Code 1975, Section12-22-240.
 II
The defendant contends that the trial court erred in charging the jury on the elements of burglary in the second degree when the undisputed evidence showed that *Page 904 
he was guilty of the crime of burglary in the first degree or nothing at all. Because of our decision in part I of this opinion we need not decide this issue. However, we would refer to Richardson v. State, 390 So.2d 4 (Ala. 1980), wherein the Supreme Court of Alabama held that a defendant indicted and convicted for the crime of attempt to commit larceny is not entitled to a reversal of his conviction based on the fact that the evidence at trial shows that his attempt was completed or amounted to a perpetration of larceny.
The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.