PATTERSON, Judge.
Appellant Lloyd Eugene Cartwright was indicted for theft of property in the second degree, § 13A-8-4, Code of Alabama 1975, by the Covington County Grand Jury. Appellant was found guilty as charged in the indictment by a jury on January 23, 1984. A sentencing hearing was held February 13, 1984, in which it was determined that appellant had four prior felony convictions. Appellant was sentenced to 15 years in the penitentiary pursuant to operation of the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama, 1975.
Evidence presented at trial tended to prove that appellant was seen leaving the T G & Y Store by a store employee. This employee observed that appellant appeared to have a bulge underneath his T-shirt. The employee informed the store co-manager, Larry Kutnock, and both watched appellant leave the store without stopping at a cashier counter.
An off-duty state trooper, Hugh Stinson, was patronizing the store while appellant was being observed by the store employees. Trooper Stinson identified himself as a law enforcement agent and offered his assistance to Kutnock. Kutnock and Stin-son followed appellant to his car, where they observed him take two pistols from under his shirt and throw them into the car, one in the front seat and one in the back. Trooper Stinson requested that appellant return to the store and someone in the car passed the pistols to Trooper Stin-son. These pistols turned out to be B-B guns, of a type sold at T G & Y.
Trooper Stinson escorted appellant back into the store where appellant was “read his rights”. Officer Bailey of the Andalusia Police Department arrived shortly thereafter and requested that Trooper Stin-son read appellant his “rights” again, because Trooper Stinson had the “little card.” Officer Bailey then asked if appellant wanted to talk to him, which appellant indicated he would. Appellant then told Officer Bailey that he had purchased the two pistols from a blond cashier. Officer Bailey requested a receipt and appellant stated he did not have one. Officer Bailey was unable to locate a blond cashier to verify appellant’s version of facts.
*676 Appellant was arrested and taken to Officer Bailey’s patrol car, where a routine search was conducted. This search revealed yet a third pellet pistol concealed in appellant’s left boot. Officer Bailey also discovered a holster and B-Bs hidden in appellant’s left boot.
Kutnock returned to the store and found three boxes which had contained pellet and B-B pistols of the type found on appellant. These boxes were empty and were located in various parts of the store. Kutnock turned these boxes over to police authorities.
Appellant testified at trial that he had gone into T G & Y to purchase auto parts, and that when he returned to the car his wife handed him a pistol, which he stuck in his pants, and that as she was handing him a second pistol Kutnock and Stinson, arrived at which point, appellant says he threw both pistols back into the car. Appellant testified that he did not take the pistols out of the store; rather, he insinuated that someone else in the car had taken them from the store. Appellant failed to explain how a pellet pistol, holster, and B-Bs got in his left boot.
Appellant contends that the statement he made to Officer Bailey was inadmissible without the State’s first showing that the statement was voluntary. In Campbell v. State, 341 So.2d 735, 740 (Ala.Crim.App.1976), we stated:
“It is well settled in Alabama that admissions directly relating to the facts or circumstances of the alleged crime and connecting the defendant therewith are inculpatory admissions in the nature of a confession and are subject to the same rules as direct confessions, which are prima facie involuntary and inadmissible, but that admissions as to purely collateral matters, which are not confessory of guilt in any respect, are not within the scope of the rule, and the predicate as for a confession need not be laid. [Citations omitted.] ”
The State’s use of appellant’s statements connected him with the crime and directly related to the fact that appellant admitted having in his possession the pistols allegedly taken from the store. These statements also tended to show that appellant had possession of the pistols while inside the store, since he said he had “purchased” them. We therefore conclude that appellant’s statements were inculpatory admissions in the nature of a confession and that the State was required to prove the volun-tariness of these custodial statements.
At the trial of this cause Trooper Stinson testified that he read appellant the Miranda rights off a card Trooper Stinson had in his' possession. Officer Bailey later testified that he requested Trooper Stinson to read appellant the Miranda rights because Trooper Stinson had the “little card”. There was no testimony as to what language this card contained, or more specifically, exactly what rights were communicated to appellant. Such a general inquiry into what rights appellant was informed of is not sufficient to prove that appellant made a voluntary statement. Similar facts occurred in Swicegood v. State, 50 Ala. App. 105, 277 So.2d 380 (1973), where the State merely asked “Did you advise him of his rights?” to which the response was “Yes, sir.” 50 Ala.App. at 107, 277 So.2d at 381. In Swicegood, supra, 50 Ala.App. at 107, 277 So.2d at 382, we held:
“It does not appear in the appeal record before us that the defendant was effectively and fairly informed of his rights under Miranda, nor was he warned of the consequences accruing to him if he confessed or made failure of proof, the burden being on the State of Alabama to adduce the same, none of the confessory answers delineated in the’testimony of Detective Rutland should have been admitted. It was the duty of the State to spell out with clarity and reasonable precision the warnings the officers gave the defendant, if any, as mandated in Miranda. A general question, as here, does not meet the requirements of law.”
See also Thomas v. State, 370 So.2d 1066 (Ala.Crim.App.), cert. denied, 370 So.2d 1070 (Ala.1979); Harrison v. State, 358 *677 So.2d 759 (Ala.Crim.App.1977), reversed and remanded, 358 So.2d 763 (Ala.1978). The above quoted language is applicable with equal force to the case sub judice. The State has failed in its burden of proof and appellant’s inculpatory statements should therefore have been excluded unless and until the proper predicate was laid.
Although harmless error may exist even though an objectionable statement conflicts with an appellant’s testimony at trial, Price v. State, 392 So.2d 1242, 1247 (Ala.Crim.App.1980), cert., denied, 392 So.2d 1248 (Ala.1981), each individual case must be independently examined to determine whether prejudice resulted from the admission of the illegal evidence. Klemmer v. State, 51 Ala.App. 383, 286 So.2d 58, cert. denied, 291 Ala. 786, 286 So.2d 62, cert. denied, 416 U.S. 957, 94 S.Ct. 1972, 40 L.Ed.2d 308; see also Price v. State, supra, and cases cited therein. We have carefully reviewed the entire record and “cannot declare that the error in the admission of the ... statement was harmless beyond a reasonable doubt”. Price v. State, supra. The effect of appellant’s statement on the minds of the jury would tend to refute any defense the appellant could assert which would conflict with the statement. At trial appellant related a version of facts significantly different from the statement testified to by Officer Bailey. This statement, which we have held to have been erroneously admitted into evidence, clearly placed appellant in possession of allegedly stolen pistols while inside the store, and contradicted his testimony at trial. The admission of the statement obviously prejudiced appellant. Even though the evidence presented by the state, absent the inculpa-tory statement, established a strong case against appellant, we cannot say that the erroneous admission of the inculpatory statement constituted harmless error. Waldrop v. State, 424 So.2d 1345 (Ala.Crim.App.1982); Hinshow v. State, 398 So.2d 762 (Ala.Crim.App.1981); Price v. State, supra; Chitnn v. State, 339 So.2d 1100 (Ala.Crim.App.1976).
In view of the foregoing, we find it unnecessary to address the remaining contentions of error advanced by appellant.
Due to the court’s error in admitting the inculpatory statements made by appellant, the judgment of the trial court is due to be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.